# Alabama Mineral Land Co. *v.* Jackson.

### *Action for Breach of Agreement.*

1. *Statute of frauds; written agreement or memorandum must describe with certainty the subject matter.*—Under the statute of frauds the written agreement or memorandum must describe the subject matter directly or by reference to something outside the writing by resorting to which certainty can be ascertained; and a contract which is so uncertain in respect of its subject matter that it neither identifies the thing by describing it, nor furnishes any data by which certainty of identification can be attained is void in law and equity, and will not support an action of damages or a bill for specific performance.

2. *Same; duty under the contract of removing uncertainty is no estoppel.*—The fact that under a contract the duty is on one of the parties to remove the uncertainty of description of the subject matter by designating the particular lands to which it is to apply, does not estop him to say that the contract is void.

3. *Same; contract for purchase and sale of timber, when void under.*—A paper writing by the terms of which one party agrees to sell and another to purchase the timber from a designated number of acres of land which are to be selected by the purchaser, is, to all intents and purposes, an agreement to make a contract for the sale and purchase of land and is, until selection is made in writing, void under the statute of frauds.

4. *Invalidity of contract; when can be sent up by parties to it.* A writing in the nature of a contract, but which, by some positive rule of law operating on its terms, binds nobody to do anything, does not preclude either of the parties to it from setting up its invalidity; it is not a contract.

APPEAL from the Circuit Court of Chilton.
Tried before the Hon. N. D. DENSON.

The Alabama Mineral Land Company sued Elihu E. Jackson and others on an alleged contract to purchase certain timber. The suit was discontinued as to all the defendants except Jackson. The writing on which the

[Alabama Mineral Land Co. v. Jackson.]

suit was brought and the other facts in the case, are fully set out in the opinion. The issue raised by demurrer to defendant's pleas of the statute of frauds, was whether or not the alleged contract as set out in the complaint, was void under the statute of frauds. Demurrer was sustained below, and the decision is affirmed.

S. D. LOGAN and J. J. WILLETT, for appellant.—(1). It is admitted that the contract sued on could not be specifically enforced; but it will sustain an action for breach thereof, since the same certainty is not required in such action as in suit for specific performance.—*Aday v. Young,* 88 Ala. 338; *Birmingham Nat. Bank v. Rosand,* 97 Ala. 404; *County of Mobile v. Kimball,* 102 U. S., 691; 2 Sutter on Damages, (2 ed.) § 590; *Lingeman v. Shirk,* 43 North on Rep., 33; *Greason v. Keteltas,* 17 N. Y., 491; *Hopkins v. Gilman,* 22 Wis., 476.

(2). Where one party to a contract providing for fixing value by appraisers, prevents the appraisal by refusing to act when he ought to act, he cannot set up his own refusal to escape damages.—*Coles v. Peck,* 96 Ind., 333; *Hug v. Burkleo,* 58 Ala. 202; *Lowe v. Brown,* 22 Ohio St., 463; *Orne v. Sullivan,* 3 How, (Miss.) 161. (3). Defendant estopped to say contract void.—*McGhee v. Alexander,* 104 Ala. 121; Bishop on Contracts, § 1424; *Jackson v. Sullivan,* 152 Mass., 480; *Hurd v. Gill,* 45 N. Y., 341; *Daniels v. Tearney,* 102 U. S., 415; *Ill. Cen. R. R. v. King,* 69 Miss., 852; *Danforth & Armstrong v. Tenn. & Coosa River R. R.,* 93 Ala. 614; *Powell v. Higley,* 90 Ala. 103; *Meyer Bros. v. Mitchell,* 75 Ala. 475.

GUNTER & GUNTER, contra.—(1). The contract is void under the statute of frauds. There is nothing in it to show where the land lies. The omission of a definite description is fatal.—*Barber v. Flinn,* 61 Ala. 193; *Ross v. Allen,* 10 L. R. A., 835; *Holms v. Johnston,* 12 Heiskill, 155; *Johnston v. Kellog,* 7 Heisk., 264.

(2). If, as admitted, the description will not support specific performance, it will not support action at law. Reed on. Stat. of Frauds, 732; *Nelson v. Shelby,* 96 Ala. 515.

(3). The following additional cases are cited: *Birmingham v. Thompson,* 86 Ala. 146; *Frank v. Riggs,* 93 Ala. 254; *Hawkins v. Merritt,* 109 Ala. 261; *Tedder v. Steele,* 70 Ala. 350.

McCLELLAN, C. J.—Writings were signed by the Alabama Mineral Land Co. and E. E. Jackson by which in terms the latter was to purchase from the former at a stipulated price per acre "the timber from a continuous block of ten thousand acres, consecutive sections, in a northwesterly line from Maplesville, townships 21 and 22," the purchaser to determine upon a continuous body of lands, mineral lands excepted, and to designate the same to seller on a day named. It was further stipulated that in "case of any material tract recently timbered having been cleared of said timber, or pillaged of same to any material extent, the seller will substitute other lands for cutting in its stead" at any time prior to a stated date. The purchaser failed to determine upon and designate a body of lands, or the lands contemplated in the agreement, and failed to make the payments provided for in the writing. The action is prosecuted by the land company. The complaint claims forty-five thousand dollars damages for the breach of the alleged contract stated above, which is set out in the complaint; and the plaintiff, after averring that it had fully complied with all the provisions of said contract on its part, assigned the following breaches thereof on the part of the defendant. "*First:* That defendant failed to designate the lands on which he was to cut and remove the timber, and has failed to make payment for said timber as provided in said contract. *Second:* Defendant willfully refused to complete said contract by willfully refusing to designate said ten thousand acres from which the timber was to be cut. *Third:* Defendant has failed and refused to purchase the timber from said ten thousand acres as provided in said contract, and has failed and refused to pay for the same."

To this complaint the defendant pleaded, among other defenses, the statute of frauds for insufficient description of the land an interest in which was intended to be embraced in the contract. Plaintiff demurred to the

pleas—7 and 9—setting up this defense, and its demurrers were overruled. This ruling presents the question of importance involved on this appeal.

Under the statute of frauds the written agreement or memorandum must describe the subject-matter directly or by reference to something outside of the writing by resorting to which certainty may be attained. It requires no discussion to demonstrate that the contract under consideration does not either in itself or by reference describe the land intended to be sold so as to admit of or to furnish means for its identification. To the contrary, the writing expressly refers the segregation and identification of the land to the selection of the purchasers within certain very uncertain limitations. There cannot, we think, be two opinions on the inquiry whether this writing, intended to evidence a sale and purchase of an interest in lands; fills the requirement of the statute of frauds. Manifestly it does not. And we do not understand appellant's counsel to seriously insist that the writing bound the plaintiff to sell and the defendant to purchase any particular land, and it is admitted that the agreement could not be specifically enforced in equity. But it is insisted for appellant that while the land has not been designated by the defendant, and while a court of chancery would not select the ten thousand acres contemplated by the contract for the defendant, Jackson, and force him to take them, yet the seller has a remedy in an action for a breach of the contract against Jackson for that he failed and refused to determine upon and designate particular land as by the terms of the writing he was required to do, the theory being in the first place that the same certainty of description is not necessary in the contract for the purposes of an action at law for its breach as is required on a bill filed for its specific performance in equity, and in the second place, that the defendant is estopped to say that the contract is void for uncertainty as to its subject-matter, because under the terms of the writing it was his duty to remove that element of uncertainty by designating the particular land to be covered by the contract.

We cannot assent to either of these propositions. A contract which is so uncertain in respect of its subject-

matter that it neither identifies the thing by describing it nor furnishes any data by which certainty of identification can be attained is void as well at law as in equity and as incapable of supporting an action for damages as of supporting a bill for specific performance, upon proper objection taken. The infirmity of the contract here under consideration is that it not only does not attempt to describe the land, but expressly provides that the identity of the subject-matter shall be fixed by acts *in pais* to be subsequently performed by the purchaser; and until such acts are performed, no court can for any purpose say that any certain land is embraced in the writing, and no court can give validity to it as a contract for the sale of any land either directly, by enforcing its specific performance, or indirectly, by awarding damages for its breach. It falls necessarily within the general rule that, while not absolutely void, but to be so held upon proper objection, a contract falling under the influence of the statute of frauds and not complying with its provisions will not be directly enforced nor will damages be awarded for its violation. The true view of this writing in its final analysis is this: The land company agrees to sell to Jackson, and Jackson agrees to buy from the company an wholly uncertain part of its lands for a stated consideration. This undertaking standing alone is of no efficacy whatever as it does not identify the subject-matter, and there results from the agreement so far stated no obligation on the part of the company to sell any land to Jackson and no obligation on Jackson to buy any land from the company. The only further provision of the writing bearing on the matter we are considering is that by which Jackson agrees to determine upon and to designate to the company the particular ten thousand acres of its land he will purchase from the company, and the correlative undertaking of the company to sell him the particular acres he thus determines upon and designates. Clearly these latter stipulations are of no effect towards supplying identification of the subject-matter until they are complied with. So long as the particular lands are not determined upon by Jackson and designated by him to the company, the whole agreement remains at large as to the thing intended to be contracted

about, the infirmity of the absence of identification still attaches to the writing, and it cannot be said that there is any contract to sell any land because there is no contract to sell any particular land. Had Jackson determined upon and designated the particular ten thousand acres to be sold and purchased, and evidenced such determination and designation by writing, the effect would have been to complete, or to speak accurately, *to make* a contract for the sale of land where no contract before existed. The undertaking of Jackson to determine upon and designate lands was therefore in substance and essentially an agreement on his part to enter into a contract to purchase such lands as he might determine upon and designate. It was to all intents and purposes an agreement to make a contract for the sale and purchase of lands. And like the contract of sale, an agreement to make such contract must itself comply with the statute of frauds in all essential respects, including, of course a description of the land; else the agreement is void and will not support either a bill for performance or an action for damages.—*Amburger v. Marvin,* 4 E. D. Smith, 393; *Dicken v. McKinley,* 163 Ill., 318, s. c., 54 Am. St. Rep., 471; *Raub v. Smith,* 61 Mich., 543, s. c., 1 Am. St. Rep., 619; *Wordell v. Williams,* 62 Mich., 50, s. c., 4 Am. St. Rep., 814; *Yates v. Martin,* 2 Pinn., (Wis.) 178; *Hayes v. Burkam,* 51 Ind., 130; *Smith v. Bowler,* 2 Disney, 153; *Pulse v. Hamer,* 8 Oregon, 251; *Ledford v. Ferrell's Admr.,* 12 Ire., 285; *Martin v. Wharton,* 38 Ala.

The undertaking is none the less a mere engagement to make a contract for the sale and purchase of land for that to perfect the contract under the statute of frauds requires only the selection and designation of the subject-matter. This very thing is as essential to the contract under the statute as the expression of a consideration or the subscription of the party to be charged; and it would scarcely be contended even that a writing containing every requisite except the expression of the consideration, and, in lieu of such expression, an undertaking on the part of one of the parties to express the consideration therein subsequently, or in another writing, could be made the basis for awarding damages for a failure to execute such undertaking; or that a parol promise

to subscribe a writing containing all essential stipulations and expressions, could be actionable. That is what we have in this case, a parol promise; for, every requisite to the contract not being in writing, there is no written contract, and the whole transaction lies in parol. It might as well be insisted that where the contract is entirely verbal, the party purchasing agreeing to pay a portion of the purchase money and take possession at once, and thus to validate the sale, an action would lie for his failure to thus perfect the contract by paying and taking possession, as to insist that an action will lie upon any stipulation of an agreement which for any reason is void under the statute of frauds.

It is argued for appellant "that the defendant, Jackson, cannot set up his own wrong in avoidance of the contract." The obvious vice of this position lies in its assumption that there ever was a contract between the parties. Of course it is familiar law "that one who by his own fault has prevented the performance by the other party of the contract, or made performance impossible, cannot claim exemption from liability on the contract" and "that in the case of dependent promises, a plaintiff who has come short of fulfilling because the defendant prevented him, may maintain his action;" but these principles presuppose the existence of a contract between the parties, a legal, valid, binding, living contract, not a mere form of words without substance, not a mere expression of terms which on their face appear to set forth promises and obligations, but which by reason of some positive rule of law operating upon the terms so expressed in fact and in law bind nobody to do anything. If the writing under discussion could have been a contract without containing a description of the land, and the plaintiff had been prevented to carry out its part of the contract and to convey the land to the defendant by the latter's refusal to identify the land to be conveyed, in such case the doctrine contended for would obtain, plaintiff's failure to carry out its undertaking having been caused by defendant's own wrong, it would not affect its right to compensation for defendant's default. But this statement of the law manifestly assumes the very point in issue, the existence of a contract, and de-

[Marbury Lumber Co. v. Westbrook.]

fendant's wrongful prevention of the execution of its legally binding stipulations by the plaintiff. On the real case without assumptions, the case we have, the default of the defendant did not prevent the plaintiff carrying out an existing contract, but it prevented *any contract coming into existence.*

Appellant's counsel cite the case of *Lingeman v. Kirk,* 43 N. E. Rep., 23, as being directly in point to the support of his contention that this action lies on Jackson's undertaking to "determine upon and designate" to the land company the particular 10,000 acres of land to be embraced in the contract. This decision may be all that is claimed for it; but it is not supported by any authority, not even by the cases cited in it, and is, in our opinion, unsound and not to be followed.

These views fully dispose of the case on its merits against appellant, and we do not understand counsel to desire the decision of other points appearing on the record.

Affirmed.