60 So.2d 355

**HUNT v. HAMMONDS et al.**

8 Div. 616.

Supreme Court of Alabama.

Aug. 27, 1952.

J. A. Carnley and J. C. Fleming, Elba, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

Herbert H. Conway, Albertville, for appellant.

Marion F. Lusk, Guntersville, for appellees.

FOSTER, Justice.

The question on this appeal is the sufficiency of each of the two counts of the complaint tested by demurrer. The court sustained the demurrer to both counts, and plaintiff took a nonsuit, and assigns as error the ruling as to each count, separately.

The substance of each count, so far as important in considering the demurrer, is that there was a breach by defendants of a contract between them, not alleged to be verbal or in writing, whereby plaintiff was to furnish about eight acres of land located along the Albertville-Boaz paved highway, upon which defendants were to erect a drive-in-theatre as a place of amusement; that they were to erect a place in connection therewith to serve as a cafe, of which plaintiff was to be the manager at a stipulated weekly salary and was also to receive one-fifth of the net proceeds of the entire business; that defendants were to furnish the money to build the places of business, and plaintiff was to furnish the land and be the manager of the business; that in furtherance of said agreement defendants erected a small shop building on plaintiff's land; and that although plaintiff has complied with his part of the agreement defendants have failed to comply with any of the provisions of the agreement and have wholly breached it. Special, general and punitive damages are claimed.

Count 2 alleged, in addition to the foregoing, that final details of the agreement were to be made in writing, and the business was to be incorporated,—all to be done in a few days.

The grounds of demurrer are (1) that the alleged agreement as set out is void for uncertainty; (2) that the description of the land is so vague and indefinite as to render the agreement void; (3) no definite and certain agreement is described, and (4) that the complaint shows that the agreement is void under the statute of frauds. In sustaining the demurrer to each count separately, the court did not specify the grounds he thought went to the defect he had in mind.

Appellee insists in brief upon each of the grounds of demurrer as being well assigned. The two chief defects contended for are that the contract is void for an insufficient description of the land proposed to be furnished by plaintiff, and because the allegations of each count, especially the second, show by a fair interpretation that the contract was verbal, and that the alleged contract is so indefinite as to be void for uncertainty.

With respect to the statute of frauds, we may assume for the sake of argument that the averments of the complaint, especially count 2, show a verbal contract rather than a written one. But the alleged contract is not for the sale of an interest in land. Section 3(5), Title 20, Statute of Frauds, Code. The legal effect of the contract is to enter into a joint adventure, to which plaintiff was to supply the use of land on which defendants, at their own expense, were to erect certain improvements from which profits were in contemplation. Saunders v. McDonough, 191 Ala. 119, 67 So. 591. Such an agree-

ment is not within the statute of frauds, supra. 37 C.J.S., Frauds, Statute of, § 119 (e), p, 615. Nor is it required by any other statute to be in writing.

Next we will refer to the claim that the description of the land is void for uncertainty. Reliance is had on Alabama Mineral Land Co. v. Jackson, 121 Ala. 172, 25 So. 709. In that case there was a contract to sell certain land described in it. The contract was in writing. The suit was against the purchaser for a breach of the contract. Defendant resisted on the ground that the contract was void under the statute of frauds for insufficiency in the description. The court sustained the contention. It denied the right of plaintiff as the seller to sue for a breach of the contract because it was void under the statute of frauds in respect to the description.

The case of Shannon v. Wisdom, 171 Ala. 409, 55 So. 102, also denied the right to maintain a suit on the contract because the description was void for uncertainty and, therefore, a failure to comply with the statute of frauds, and that there must be mutuality of obligation, so that plaintiff must be legally bound in order to support a suit by him against the other party for a breach.

 While the statute of frauds does not here apply, the principle does apply that executory contracts wanting in mutuality are not enforceable. A contract is void for uncertainty when it agrees to supply eight acres of land of an uncertain description in a certain locality on which defendants agree to erect a drive-in-theatre. The contract does not require plaintiff to supply any certain land but only an eight acre tract in the named locality. This does not stand the test of Alabama Mineral Land Co. v. Jackson, supra. It is not mutual in that it is not binding on plaintiff.

 We also think the contract is subject to the objection that it is indefinite and uncertain as to the details of what defendants agreed to do. There is no sort of description of the buildings and other structures which defendants obligated themselves to erect. The contract in respect to the obligations assumed by both of the parties, respectively, is void for uncertainty. The demurrer taking that point was properly sustained.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.