# NORMAN v. MOLETT.

1. When a contract in reference to the sale of land is signed by the vendor only, and the purchaser afterwards transfers the written contract to another, by indorsement, investing that person with all his interest and claim, the signature of the purchaser withdraws the contract from the influence of the statute of frauds.

Writ of Error to the County Court of Dallas.

Assumpsit by Molett against Norman, to recover $200 and interest agreed to be paid for certain lands.

At the trial, the plaintiff offered in support of his action, a writing in these words, to wit : "I have bargained and sold to Bentley Norman, a piece of land to contain five acres; said piece of land to be laid off in the north-east corner of," &c.; here follows a minute description of the lands, and the writing then proceeds thus : " That lot shall be among the first surveys that I will have executed; immediately after which I will be ready to take a promissory note of said Norman, for two hundred dollars, with interest from this date, payable 1st January, 1839, and to give him my bond for titles, to be made when the note shall be fully paid. December 1st, 1836.   This is signed by the plaintiff, and on the back is written an indorsement, in the hand-writing of the defendant, in these words, to wit : " Warrenton, Dallas county, August 12, 1840.   For value received, I assign all my right, title, claim and interest to the within described land, to Wm. DeC. Youngblood.                                        J. B. NORMAN."

The question was, whether this was a sufficient *signing* within the statute of frauds, and the Court instructed the jury that it was.   The defendant asked the Court to instruct the jury, that they ought not to find for the plaintiff, unless there was a contract, or memorandum of it, in writing, signed by Norman, and further, that there was no such contract, or memorandum in evidence.

The defendant excepted to the ruling of the Court, and the same question is presented here by the assignment of error.

EDWARDS, for the plaintiff in error, insisted, the indorsement of the agreement to another person, was not sufficient to take the case out of the statute. [Dig. 207, § 1; 14 John. 489.] In this State, the construction of the statute is more strict than in England, and our decisions go far to restore the statute to its original and intended effect. [2 Stewart, 24; Mooney v. Read, June Term, 1842.

G. R. EVANS, contra, cited Shipley v. Derrison, 5 Esp. 191; 2 Stark. Ev. 605; Gale v. Nixon, 6 Cowen, 445; 2 Leigh N. P. 1044; Steph. N. P. 1954; 3 Atky. 503; 20 John. 340; 14 Ib. 210; 16 Wend. 460.

GOLDTHWAITE, J.—The object of the statute of frauds is, to protect individuals from having parol agreements imposed on them against their consent; but it has uniformly been held, not to defeat a parol contract which is afterwards evidenced by a writing signed by the party sought to be charged with it. It is not essential that the signature should be upon the agreement itself, it is sufficient if it be indorsed on it as a notification of the assent of the party, or if it be written in a letter or memorandum which refers to the agreement. [2 Stark. Ev. 605.] In the present case, the contract between the parties was reduced to writing, and signed by Molett, at the time it was entered into, but was not then signed by Norman. Afterwards Norman conveys the beneficial interest in the contract to another person, and assigns, by indorsement, the written evidence of the contract, which he had received from Molett. This seems to bring the cause directly within the influence of the decisions in Shipley v. Derrison, 5 Esp. 190, and Gale v. Nixon, 6 Cowan, 445. Indeed the only difference between those cases and this, is in the circumstance, that in those the indorsement referred to matters of subsequent action between the parties themselves, whilst in this, it is the attempt to invest a third person with the right acquired by the contract, which was parol only. The mischief intended to be prevented by the statute, cannot have place under the matters connected with this case, for if the signature of Norman was necessary, to evince his willingness to be bound by the original stipulations, that is shown by his assigning his interest in it to another.

It is said, however, there is nothing in the terms of the contract expressed in the instrument, which made it obligatory on Norman, to give his notes to Molett, and that the indorsement may have been accompanied with the stipulation on the part of the indorser, to pay to Molett, the sum which he was to receive as the consideration of the sale of the land.    If this was conceded, it would not change the legal aspect of the cause, inasmuch as Norman becomes bound to pay the purchase money in the same manner, by his subsequent written recognition of the contract, as if he had signed it at the same time as Molett.

We think the law of the case was correctly ruled in the Court below, and its judgment is therefore affirmed.