## KNOX *vs.* KING.

[ACTION BY VENDOR, AGAINST PURCHASER AT AUCTION SALE, FOR DAMAGES.]

1. *Statute of frauds as to sale of lands; memorandum of sale by auctioneer.*—Where lands are sold at auction, and the entry on the auctioneer's book does not show the name of the person on whose account the sale is made, nor refer to any other writing in which the name is stated, the sale is void under the statute of frauds, (Code, §§ 1551–52,) and the defective entry cannot be aided by parol evidence.

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by Charles B. King, against Dean Knox, to recover damages for the defendant's failure to comply with the terms of a contract for the purchase of certain real estate in the city of Mobile, which the plaintiff had sold at auction, and which was knocked down at the sale to the defendant, at the price of $1050; and, on his failure to comply with the terms of the sale, was resold by the plaintiff, and brought only $525; the amount sued for being the difference between the prices at the first and second sales. The defendant pleaded the

general issue, the statute of frauds, and several special pleas.

"The only evidence of a contract in writing," as the bill of exceptions states, "consisted of an entry by the auctioneer's clerk, in the book of sales, wherein was posted the advertisement of the property, and opposite to said advertisement, in these words: 'Dean Knox, $1050'; but no mention was made of the person for whom the sale was made, either in the advertisement, or in the said memorandum. To show a compliance with the statute of frauds, the plaintiff proposed to call the auctioneer's clerk, and to permit him then to add to the entry the words, 'Charles B. King.' The court allowed this amendment to be made, against the defendant's objection, and then permitted the amended entry to be read to the jury; to which rulings of the court the defendant excepted."

The auctioneer's advertisement stated, that maps of the land could be seen at his office. The court permitted the plaintiff to prove, by the parol testimony of the auctioneer's clerk, that a map was posted up in the auctioneer's room, in which the plaintiff's name was written as the owner of the said lands; that the defendant inspected this map, prior to the sale, and was then informed by the witness that the property belonged to the plaintiff; and that the auctioneer exhibited this map at the sale, and held it in his hand; but it was not shown by whom, or by whose authority, the plaintiff's name was written on this map; nor was it in any manner identified as the map referred to in the advertisement. The defendant objected to the admission of each portion of this evidence, and reserved exceptions to the overruling of his several objections." It appeared that the defendant had paid no part of the purchase-money. There was no conflict in the evidence, and no dispute about any of the facts of the case."

"The defendant requested the court to instruct the jury—1st, that the plaintiff could not recover on the evidence; 2d, that there was no such memorandum in writing as the law requires to make the contract binding; 3d,

Knox v. King.

that the plaintiff cannot recover, if the defendant·has not paid any part of the purchase-money; and, 4th, that the addition to the memorandum, made by the auctioneer's clerk at the trial, cannot be considered by them, and, without it, the contract is void·under the statute of frauds. The court refused each of these charges, and the defendant excepted."

The rulings of the court on the evidence, and the refusal of the several charges asked, are now assigned as error.

R. H. SMITH, and WM. BOYLES, for appellant, cited Perry v. Calhoun, 8 Humph. 551; Adams v. McMillan, 8 Porter, 73; Robinson v. Garth, 6 Ala. 204.

GEO. N. STEWART, contra, contended, that the written memorandum was, of itself, a sufficient compliance with the statute; and that the parol evidence, in aid of it, was admissible; and cited the following authorities: 1 Sugden on Vendors, 154, 127, 136, 138 ; Story on Contracts, § 784; Addison on Contracts, 40–42; Dobell v. Hutchinson, 3 Ad. & El. 372; Jackson v. Lowe, 1 Bingham, 9; Saunderson v. Jackson, 2 Bos. & P. 237; Boydell v. Drummond, 11 East, 142; 3 Mer. 60; 5 Esp. 192; Pugh v. Chesseldine, 11 Ohio, 109; 4 Greenl. 258; 2 M. & S. 289.

STONE, J.—Under the English statute of frauds, it has been frequently held, that a contract for the sale of lands may be taken out of the operation of the statute, by an acknowledgment of its terms in writing, though subsequently made; and it does not vary the case, if the terms are to be gathered from two or more papers, provided the *terms of the contract* are expressed in the writing. But, when the memorandum in writing is itself incomplete, it can not derive aid from another writing, unless the memorandum refer to the other writing. Oral evidence can not be received to connect the two, or to supply the wanting link; for this would let in all the mischiefs which the statute of frauds and perjuries was intended to prevent.—2 Kent's Com. 511, in margin; Parkhurst v.

Van Cortlandt, 1 Johns. Ch. 280; 2 Story on Cont. § 784, and note 6; 3 Phil. Ev. (by Edwards,) 350, 351; Dobell v. Hutchinson, 3 Ad. & El. 355, 371-2; Addison on Cont. 42; Shippey v. Derrison, 5 Esp. 190.

Under our general statute of frauds, (Code, § 1551,) contracts for the sale of lands, &c., unless the purchase-money or a portion thereof be paid, and the purchaser be put in possession by the seller, are void; unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or by some other person thereunto lawfully authorized in writing.

In the present case, there is no pretense that the contract is binding under section 1551 of the Code. It is urged, however, that the plaintiff has brought himself within the exceptional section 1552 of the Code, which provides, that when lands, &c., are sold at public auction, and the auctioneer, his clerk, or agent, makes a memorandum of the property and price thereof at which it was sold or leased, the terms of sale, the name of the purchaser or lessee, and the name of the person on whose account the sale or lease is made, such memorandum is a note of the contract, within the meaning of the preceding section. The memorandum in this case makes no mention of the name of the person on whose account the sale was made. An attempt was made in the court below to supply this defect, by proof that a map was exhibited, both before and during the sale, which contained the name of the person on whose account the sale was made. This map can not be in any way connected with the memorandum, without resort to oral proof, which would let in all the mischiefs against which the statute of frauds and perjuries was intended to provide. The memorandum was insufficient.—Adams v. McMillan, 7 Porter, 73; Robinson v. Garth, 6 Ala. 204; Hutton v. Williams, 35 ib. 503.

The deed and mortgage, drawn up at the instance of Mr. Knox, and by his attorney, can not aid the plaintiff's case. They were not signed by Mr. Knox, nor by any

person thereunto authorized in writing.    Neither can the amendment of the memorandum, made pending the trial, perfect the plaintiff's right of action.

Reversed and remanded.