# Carter *v.* Shorter.

*Action for Breach of Contract.*

1. *Contract for sale of lands; essential requisites of, under statute of frauds.*—In contracts for the sale of lands, (in the absence of any payment of purchase money and possession of the purchaser), there must be some agreement in writing, or written memorandum or note of the sale, expressing the consideration thereof, the terms, the parties, the property, and signed by the party to be charged, or his lawful agent; and unless the contract is clearly evidenced by such written proof, it is within the statute of frauds, and the sale is void.

2. *Same; what not necessary to validity of contract.*—It is not essential to the validity of the contract that compliance with all the requirements of the statute should appear from a single instrument of writing; it will be sufficient if all the essentials of a contract may be understood from the in-

[Carter v. Shorter.]

strument and some other instrument to which it refers, and can be connected, without recourse to parol proof.

3. *Note of agreement; what must show; acceptance of the offer.*—Where there has been correspondence or negotiations between the parties for a sale of lands, the note or memorandum relied on, to take the contract without the statute of frauds, must show an agreement made. The acceptance of the offer must not be conditional or dependent on further negotiations, but an absolute acceptance of the offer as made.

4. *What a conditional acceptance only.*—S. writes, proposing to sell to C. a quantity of land, fixing the price, &c. C. replied to S. as follows: "After considering your proposition, I have come to the conclusion that I will take your place, if there is nothing else against it save what you have shown me. So soon as Mr. O. signs the deed of waiver of his equity of redemption, let me know, and I will come over. It seems that it is almost impossible for us to meet at once; write me by mail. (Signed), Yours, C."; *held*, that this letter, by its terms, was conditional in its nature, and *not an absolute acceptance* of appellee's proposition of sale.

5. *Charging the jury to find for plaintiff; when error.*—The court charged the jury, that if they believed the evidence, they must find for the plaintiff. Such a charge should never be given in a case where there is conflict in the evidence.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

On the 6th of January, 1876, Henry R. Shorter brought this suit against J. E. Carter for five hundred dollars for an alleged breach of contract entered into on the 25th day of November, 1875, by which, it is alleged, that in consideration of plaintiff's agreement to sell and convey to defendant certain lands, defendant agreed to purchase said lands from plaintiff at the price of three thousand four hundred and thirty-six dollars, in cash, on the 1st January, 1876. The defendant pleaded the general issue and statute of frauds. Upon the trial, the plaintiff testified (the defendant objecting) that he wrote a letter to defendant, addressed to him at Lumpkin, Georgia, in which he proposed to sell the defendant the land in question, describing it and stating his price. That said land had been shown defendant (the only proof of plaintiff's letter was made orally). That shortly after said letter, he received a letter from defendant, which was read in evidence, and is set out in the opinion. The court, upon plaintiff's request in writing, charged the jury that " if they believe the evidence they must find for the plaintiff," to which defendant excepted, and now assigns the various rulings of the court as error.

G. L. COMER, for appellant.—1. The letter written by Shorter to Carter was not signed by Carter, or by any one lawfully authorized by him in writing.—See R. C. § 1862. As the appellant, said Carter, was the one sought to be

charged, any paper or letter in reference to a contract would be clearly incompetent, unless signed by him.—*Ib.; Rigby v. Norwood*, 34 Ala. 129.

2. The letter written by the appellant to the appellee, (by Carter to Shorter,) was not a contract, and not legal evidence; it did not contain any terms of a contract; it did not express a consideration; it did not specify any lands to be bought. It contained none of the essentials required by section 1862, Revised Code.

3. The oral evidence of appellee, in regard to the letter he wrote appellant, was clearly illegal. No oral evidence can be admitted to make out or complete a contract, required by the statute of frauds to be in writing, and if the contract is contained in two or more paper writings, which do not connect themselves by themselves, no oral evidence of any kind can be admitted to connect them.—*Adams v. McMillan, Ex'r*, 7 Port. (Ala.) 81; *Knox v. King*, 36 Ala. 367, and authorities there cited; see, also, *Wright v. Weeks et al.* 25 N. Y. (11 Smith); *Carroll v. Powell, Ex'r*, 48 Ala. 298; Brown on Stat. of Frauds, §§ 346, 350, 351, and authorities there cited; Benjamin on Sales, (2d ed.), 155, 160, 161, 166.

4. The charge asked by plaintiff (appellee) should not have been given.

HENRY R. SHORTER, *contra.*—1. When the contract sued on is to be made from two paper writings, the rule is, that the two papers must show *on their face* all the terms of the contract. But if any term of the contract be uncertain, and parol proof becomes necessary to supply evidence of their terms, then the contract falls within the statute of frauds. 1 Greenl. Ev. § 268; *Adams v. McMillan*, 7 Port. 80.

2. In *Lewis v. Wells*, 50 Ala. 198, are these words: "The within property was this day sold by me, as agent of G. M. F., as administrator of the mortgagee, J. P. F., deceased, for $2,300.00, at public auction, to E. Davis, March 23, 1860," signed by the said agent, was held a substantial compliance with the requisition of the statute of frauds; and near the bottom of page 205, this court said *"the reference to the mortgage makes the mortgage a part of it"*—a part of the contract.

In Carter's letter, *the reference* to Oatis' right of redemption, and the reference to Shorter's proposition to sell *the place*, &c., makes Shorter's letter a part of the contract.

3. There was no conflict whatever, in any of the evidence, and the charge given to the jury, that if they believed the evidence they must find for the plaintiff, was proper.

[Carter v. Shorter.]

BRICKELL, C. J.—1-2. The main question presented by the record in this case arises under the Statute of Frauds,. which declares that every contract for the sale of lands is void, unless the purchase money or a portion thereof be paid and the purchaser be placed in possession by the seller; or unless such agreement, or some note or memorandum thereof expressing the consideration, is in writing, and sub.- scribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing. Rev. Code, § 1862, and cl. 6. This court at an early day and after the most attentive consideration, decided that a writing, whatever its particular form, will be a sufficient memorandum or note in writing as required by the statute, provided it contains the essential terms of the contract, expressed with such certainty that they may be understood from the instrument itself, or from some other writing to which it refers, without recourse to parol proof; and be· signed by the party to be charged.—*Adams v. McMillan, Ex'r*, 7 Port. 80. In that case, as in the case before us, two writings were relied on as presenting sufficient memo- randum or note of the contract; one, the auction bill of sale, which was defective in not being signed by vendor or vendee· or the auctioneer or his clerk, and the other the letter of the defendant, Adams.

This letter, written by Adams, was entirely silent as to the price to be given for the land, and it was held in view of this defect to be totally deficient.

"The purchase money," say the court, "is at least as im- portant a part of the contract as any other. Perhaps there would be more danger of perjury, from allowing parol proof to be given of this, than any other constituent of the con- tract; yet the latter contains no statement of the price of the land, nor does it refer to any other writing which does." It was further contended, however, that, although neither the auction sale bill nor the letter taken singly might be evidence of a contract for the sale of lands under the statute; yet, taken together they would be sufficient. But the court held that conceding that to be the fact, it is very clear unless there is a direct reference in one to the other, so as in effect to embody in itself the paper referred to, without the aid of parol proof to effect such union they can not be considered together. The principle thus enunciated has been frequently recognized and affirmed in subsequent cases. Thus the memorandum of a sale made no mention of the name of the person on whose account the sale was

[Carter v. Shorter.]

made; but an attempt was made on the trial to supply this defect by proof that a map was exhibited both before and during the sale, which contained the name of the person on whose account the sale was made. It was held by this court, that this map can not be in any way connected with the memorandum without resort to oral proof, which would let in all the mischief against which the statute of frauds and perjuries was intended to provide.—*Knox v. King,* 36 Ala. 367; *Carroll v. Powell,* 48 Ala. 298, and cases cited. And in a later case the same principle was fully recognized, where it was held, that a memorandum of sale under a mortgage was a substantial compliance with the requisitions of the statute; the memorandum being endorsed upon the mortgage and referring to the property therein as the property sold, and being otherwise regular. For the direct reference to the mortgage made the mortgage a part of the memorandum, and any deficiencies in the mortgage were in like manner supplied by the direct reference in the mortgage to the deed.—*Lewis v. Wells,* 50 Ala. 198. The above authorities demonstrate how firmly settled is the rule that in all such contracts for the sale of lands, and in the absence of any payment of purchase money and possession by the purchaser, there must be some agreement in writing, or written memorandum, or note of the sale expressing the consideration thereof, the terms, the parties, the property, and signed by the party to be charged or his lawful agent. If the contract is not evidenced clearly by such written proof, the case comes within the purview of the statute, and the sale is void.

2–3–4. It is not contended for the appellee in this case that the single letter from the appellant, Carter, to him presents any sufficient compliance with the requisitions of the statute. But it is urged that this letter must be considered in connection with a preceding letter from appellee, Shorter to Carter, and that the parol proof of the contents of said letter was properly admitted after notice to Carter to produce it and his failure to do so. The difficulty is, the two letters can not be connected without the aid of oral evidence. The proposition the appellant accepted, it is necessary to show by evidence extrinsic to the two letters, was the proposition contained in the letter of the appellee, and not some verbal proposition in the course of other negotiations. If it was conceded the letter from Carter to Shorter which is set out in the bill of exceptions is properly taken in connection with a prior letter from Shorter to Carter, the substance of which is detailed by the witness, and that these

[Carter v. Shorter.]

two letters form the memorandum of the contract between the parties; let us consider whether a sufficient compliance with the statute is afforded by them.

Shorter writes, proposing to sell to Carter 677 acres of land in Barbour county, describes the land, and states his price at $3,466, payable in cash January 1, 1876. The letter from Carter to Shorter, dated Lumpkin, November 25, 1875, is as follows:

"MAJ. SHORTER: After considering your proposition, I have come to the conclusion that I will take your place, if there is nothing else against it save what you have shown me. So soon as Mr. Oattis signs the deed of waiver of his equity of redemption, let me know, and I will come over.

"It seems that it is almost impossible for us all to meet at once. Write me by mail. Our mail comes up from Cuthbert every Tuesday and Saturday. Yours, J. E. CARTER."

In Brown on the Statute of Frauds it is said, the note or memorandum must import *an agreement made.*.

If it show only a treaty pending and not a contract concluded, or if, referring to the alleged agreement, *it annex conditions or otherwise make variations,* it has no effect as a memorandum to bind the party from whom it proceeds. Brown on the Statute of Frauds, § 371 *a.* In *Stralford v. Bosworth,* 2 Vea. & B. 341, it was held, that a contract for land by letter does not constitute an agreement under the statute, if the general character and description of the correspondence is applicable merely to treaty, nor unless it can be collected upon a fair interpretation of the letters that they import a concluded agreement.—And see *Ballingall v. Bradley,* 16 Ill. 373. So it has been held that as the purchaser did not in his letter recognize the absolute contract described in the vendor's letter but stated one conditional in its nature, there was no note in writing of the bargain to satisfy the statute of frauds.—*Smith v. Surman,* 9 Barn. & Cress. 561. It is evident that appellant's letter of November 25, 1875, by its terms was conditional in its nature and not an absolute acceptance of appellee's proposition of sale. It contemplates a future meeting and further correspondence, gives directions as to the arrival of the mails; offers to come over when the equity of redemption is released by Oattis, and says, "I will take your place, if there is nothing else against it save what you have shown me."

We do not think that this letter, even in connection with and in response to an earlier one, can be considered as a memorandum under the statute of frauds.

VOL. LVII.

[Lang v. Wilkinson.]

5. The court below erred in its charge to the jury, that if they believed the evidence they must find for the plaintiff. This charge was not only opposed to the conclusion above attained, but it was given in a case where there was no conflict in the evidence. In such case a charge of this character should never be given.

As the other points presented by the record will probably not arise upon a second trial, we deem it unnecessary to consider them.

The judgment is reversed, and the cause remanded.