# Patt *v.* Gerst.

*Action for Damages for Breach of Contract of Sale.*

(Decided Jan. 24th, 1907.   42 So. Rep. 1001.)

1. *Frauds, Statute of; Contracts for Sale of Real Estate; Requisites.*—To be without the statute of frauds, the writing constituting the contract for the sale of real estate must state the contract with such certainty that its essentials will be known from the memorandum itself or by reference therein to some other writing without recourse to parol evidence.

2. *Same; Evidence.*—The contract relied on for the sale of real estate was sought to be evidenced by certain letters and telegrams which did not describe the property nor state the contents, a telegram from the owner reciting that he would sell the property for a certain sum cash and certain propositions made by his agents, resting in parol, and a deed drawn up at the instance of the owner describing the premises, but which was not delivered and which showed that the parties did not agree as to the terms of the sale; Held, not to show a sufficient compliance for a sale of real estate under the statute of frauds.

3. *Appeal; Prejudicial Error; Exclusion of Evidence.*—It was not error to exclude the testimony offered by plaintiff where the same failed to make out a prima facie case for him under the pleading.

APPEAL from Mobile Circuit Court.
Heard before Hon. SAMUEL B. BROWNE.

Action by Joseph Patt against William Gerst. From a judgment for defendant, plaintiff appeals. Affirmed.

The alleged contract provided for the sale of certain land by the defendant to the plaintiff, and that plaintiff was to become agent of the defendant for the sale of beer, and was to form a copartnership with one Phillips for the conduct of a restaurant and saloon, in which they should sell the beer, in consideration of which it was stipulated that the plaintiff would give the defendant the use of a portion of the property rent free for defendant's stable and cold storage of defendant's beer for a period of five years, and the defendant, after the five years, was to pay $350 a year rent. The second count was for a breach of the contract, alleging simply the obligations to sell the land, and omitting the other provisions of the contract. The third count was upon an open account. The case was tried upon six pleas: The general issue; non est factum; the statute of frauds, in that the contract was not performed within a year and was not in writing; the statute of frauds, in that the contract provided for a sale of land and was not in writing; that the plaintiff had himself repudiated and declined to perform the said contract before the alleged breach by the defendant; and the plaintiff's inability to perform the contract. The facts which the plaintiff sought to prove, and which would have been shown, had all of plaintiff's testimony been admitted, were: That the plaintiff made some sort of an agreement with one Baker and William Gerst. That in May, 1904, he received this telegram: "Will let you have property for $4,000 cash and proposition made Baker. Wire answer. (Signed) William Gerst & Co." That on the same day plaintiff replied to that telegram, and that there was no other correspondence between the plaintiff and defendant in this case on any other subject than the subject of the purchase of the property about which this suit is brought. That the plaintiff had some correspondence with William Gerst during the year previous to the trial the substance of which does not appear. That there was in existence an unsigned paper, stating the terms of the contract as set out in the first count and describing the land so sold, but that this paper was never signed by

[Patt v. Gerst.]

defendant and was never delivered to plaintiff. That in response to the telegram received by plaintiff from defendant, above set out, the plaintiff sent a telegram to William Gerst Brewing Co., stating that the offer was accepted and the money had been deposited in the First National Bank of Mobile, and that in fact he had deposited this money. That plaintiff wrote and mailed the following letter, addressed to the William Gerst Brewing Co., dated Mobile, June 20, 1904: "Dear Sir: Yours of the 17th at hand. According to telegram received from Gerst Brewing Co., the trade was closed. I deposited your money, $4,000, at the First National Bank, Mobile, Ala., at that time. The following telegram was sent me: 'Will let you have property for $4,000 cash and proposition made Baker. Wire answer.' I answered: 'I accept your proposition and offer. Your $4,000 at First National Bank. Send draft for same, with papers attached, to same.' You answered: 'Will forward deeds and agreement as soon as Attorney Smith sends our deed and abstract.' I answered: 'Send all papers and drafts to First National Bank, subject to examination.' I have not received any deed or abstract, and I ask you to send them as soon as possible. (Signed) Joseph Patt." That the plaintiff received the following letter, dated Nashville, Tenn., June 17, 1904, and addressed to plaintiff: "Dear Sir: Mr. Gerst has returned from trip, and says that you have failed to comply with terms as stipulated. He considers the trade off. With very best wishes for your success and continued friendship, I am, (Signed) Joseph Baker."

McALPINE & ROBINSON, for appellant.—The court should have permitted the plaintiff to be asked if he had any agreement with one Baker and Gerst.—Anderson v. Snow, 9 Ala. 247. The court erred in sustaining objection to the following questions: Did you receive that telegram? And state whether or not you received a telegram from Gerst or The Gerst Brewing Company.—2 Parson's on Contract, (9th Ed.) p. 295; Wilden & Sons v. Merchants & Planters National Bank, 64 Ala. 15. The court erred in not permitting the plaintiff to state

whether or not he replied to the telegram.—*White v. Breen*, 106 Ala. 159. The court erred in sustaining motion of defendant to exclude the answer of the witness that he got the telegram at the W. U. Tel. Co. office.— Authorities supra. Plaintiffs should have been allowed to state whether or not he sent a reply to the telegram. The court should have permitted the letter to be introduced in evidence and the witness should have been permitted to show that it was sent by him through the mails and to whom it was addressed.—*Pioneer Co. v. Thompson*, 115 Ala. 552; *O'Connor v. Dickson*, 112 Ala. 304; *White v. Tolliver*, 110 Ala. 306.

GREGORY L. & H. T. SMITH, for appellee.—Parol evidence cannot supply defects in a contract that is otherwise under the statute of frauds.—*Nelson v. Shelby Mfg. Co.*, 96 Ala. 528. In order to comply with the statute of frauds the contract must contain the names of the parties, the subject matter of the contract, the consideration of the promise and leave nothing open for future pleading.—*Carter v. Shorter*, 57 Ala. 256: *Jenkins v. Harrison*, 66 Ala. 345; *Phillips v. Adams*, 70 Ala. 376; *Nelson v. Shelby Mfg. Co., supra; Reynolds v. Kirk*, 105 Ala. 450. The telegram and the evidence relative thereto were not admissible.—*O'Connor Mining & Mfg. Co. v. Dixon*, 112 Ala. 303; *Southern Ry. Co. v. Howell*, 135 Ala. 639. There was nothing upon which the jury could rest the verdict and it was therefore proper for the court to rule out the material testimony and give the jury the general charge for the plaintiff.—*Talladega Ins. Co. v. Peacock*, 67 Ala. 262: *Gulf Const. Co. v. L. & N. R. R. Co.*, 121 Ala. 624; *Pritchard v. Sweeney*, 109 Ala. 659; *A. L. Co. v. Baker*, 119 Ala. 351. Even if the plaintiff was entitled to recover his damages are the difference between the price he was to pay for the land and its reasonable value at the time of the breach.—*Hammacker v. Coone*, 117 Ala. 611; *Snodgrass v. Reynolds*, 79 Ala. 458: *Kingsheny v. Miller*, 69 Ala. 504. Plaintiff was not entitled to recover for a breach of the contract for failure to convey without showing a tender of performance.—*Galley v. Price*. 16 Johnson, 261; *P. D. & Co. v. Hagler*, 1 Peters, 455. Agency cannot be estab-

lished by the declarations of the supposed agent.—1 Am. & Eng. Enc. of Law (2nd Ed.) p. 690; *Huntsville Ry. v. Ahatchie Lumber Co.,* 111 Ala. 453; *Foxworth v. Brown* 24 So. Rep.; *Parker v. Bond,* 25 So. Rep. 899; *Womack v. Bird,* 63 Ala. 500; *Sellers v. Commercial Ins. Co.,* 105 Ala. 282; *Buist v. Guice,* 96 Ala. 257; *Tanner v. Hall,* 86 Ala. 305; *Wright v. Evans,* 53 Ala. 104; *Gimon v. Terrell,* 38 Ala. 208; *Gibson v. Snow Hardware Co.,* 94 Ala. 346.

SIMPSON, J.—This was an action by appellant (plaintiff) against the appellee (defendant) to recover damages for the breach of an agreement by the defendant to sell certain real estate to the plaintiff. The complaint alleges: That certain conversations took place between plaintiff and one J. F. Baker, claimed by plaintiff to be the agent of defendant. That after said conversations the defendant telegraphed to plaintiff: "Will let you have property for $4,000 cash, and proposition made Baker. Wire answer." The plaintiff telegraphed an acceptance of this proposition, and notified defendant that $4,000 had been placed in the First National Bank of Mobile, which could be drawn on by defendant with papers attached. Also that defendant wired in reply: "Will forward deed and agreement soon as Attorney Smith sends our deed and abstract." The defendant pleaded the general issue, the statute of frauds, and that the plaintiff himself had repudiated the contract and refused to carry out its provisions on his part.

The assignments of error are to the sustaining of certain exceptions to testimony relating to the correspondence between the parties, and a certain deed prepared at the instance of defendant, and which the plaintiff refused to receive. It is clear that, if all the testimony objected to had been admitted, it would simply show telegrams and letters, in neither of which is there any description of the property to be conveyed, nor any statement of the consideration to be paid. The telegram set out in the complaint, besides not giving any description of the land, also states the consideration to be "$4,000 cash and proposition made Baker." It is evident from the evidence that this latter part of the consideration,

which was wholly in parol, was the very matter upon which the minds of the parties never met.

If the deed, drawn up at the instance of the defendant, had been admitted, while it would have shown the description of the land, yet it would have also shown defendant's understanding of this other part of the consideration, which the plaintiff entirely repudiates and claims that he never agreed to. In order to a compliance with the provisions of the statute of frauds in regard to contracts.for the sale of real estate, the writings "must state the contract with such certainty that its essentials can be known from the memorandum itself, or by reference contained in it to some other writing, without recourse to parol proof to supply them."—20 Cyc. 258, 260, 270; *Carroll v. Powell,* 48 Ala. 298; *Adams v. McMillan,* 7 Port. (Ala.) 73; *Nelson v. Shelby Mfg. Co.,* 96 Ala. 515, 528, 11 South. 695, 38 Am. St. Rep. 116.

It is clear, then, that if all the testimony which was sought to be introduced had been admitted, and all the testimony objected to by plaintiff had been excluded, it would not have made out a prima facie case for the plaintiff. Hence its exclusion was error without injury, and the court properly gave the general charge in favor of the defendant.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.