(113 So. 529)

## BUTLER COTTON OIL CO. v. MILLICAN.
(8 Div. 901.)

Supreme Court of Alabama. June 9, 1927.

Rehearing Denied June 30, 1927.

**1. Appeal and error ☞1050(1) — Permitting testimony in action for commissions from auction sale of real estate as to contents of sales memoranda did not require reversal under circumstances (Code 1923, § 8035).**

In action for commissions for arranging, advertising, and conducting auction sale of real estate, permitting plaintiff to testify to contents of memoranda of sales made by him or his clerk, as required by Code 1923, § 8035, *held* not to require reversal, in view of testimony by plaintiff that, he had delivered memoranda to defendant's general manager and notice to produce had been served on him.

**2. Frauds, statute of ☞110(1)—Memoranda of auction sales of real estate describing parcels sold by number with reference to block held insufficient (Code 1923, § 8035).**

Memoranda of sales by one conducting auction sale of real estate, as required by Code 1923, § 8035, designating parcels sold by number with reference to block in which each parcel was located, *held* not a sufficient compliance with statute, though there was testimony to effect that numbers so designated referred to numbers shown on surveyor's map or plat of property, there being nothing in memoranda to locate, designate, or describe such map or plat.

**3. Frauds, statute of ☞158(3)—Parol testimony is inadmissible to supplement memoranda of auction sale of real estate or supply essential parts of contract of sale and purchase (Code 1923, § 8035).**

Parol testimony cannot be received to supplement memoranda of auction sales of real estate, required by Code 1923, § 8035, or supply any of essential parts of contract of sale and purchase.

**4. Auctions and auctioneers ☞10—Defendant in action for commissions for auction sale of land held entitled to affirmative charge, memoranda being insufficient to show binding contract (Code 1923, § 8035).**

Where in action for commissions for arranging, advertising, and conducting auction sale of real estate, memoranda, required by Code 1923, § 8035, were insufficient to show binding contract between owners and bidders, plaintiff failed to earn his commissions and defendant was entitled to general affirmative charge.

**5. Auctions and auctioneers ☞10—Instruction on proposition that person conducting auction sale employed by-bidders should hypothesize owner's ignorance of fact.**

In action for commissions for arranging, advertising, and conducting auction sale of real estate, instruction involving proposition that plaintiff was not entitled to recover because he had secretly employed certain persons to bid up property, so as to make defendant responsible for increased percentage of total bids, should have hypothesized defendant's ignorance of such fact, in view of conflicting evidence thereon.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Thomas W. Millican against the Butler Cotton Oil Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Street, Bradford & Street, of Guntersville, for appellant.

One of the duties of an auctioneer to sell real estate is to make such memorandum as will bind the purchaser, and, if he fails to do this and the sale is not consummated, he cannot recover compensation. 2 R. C. L. 1155; 6 R. C. L. 840. Defendant took issue with the averment of compliance as to making memoranda, and the burden rested on plaintiff to prove the making of same. Claybrooke denied receiving the memoranda, and no search was made for same by plaintiff. Parol evidence of their contents should not have been received. 22 C. J. 1049. The memoranda as testified to were insufficient under the statute. Shannon v. Wisdom, 171 Ala. 409, 55 So. 102; Ala., etc., Co. v. Long, 158 Ala. 301, 48 So. 363; 27 C. J. 270. Unless there is on record when the deed or contract is made a map or plat to which the numbering of the lots can be certainly referred, the mere numbering of the lots in the instrument will not suffice to render a then existing private map or plat a part of the instrument. Knox v. King, 36 Ala. 367; Adams v. McMillan, 7 Port. 73; State v. Meaher, 213 Ala. 466, 105 So. 562; Thrasher v. Royster, 187 Ala. 352, 65 So. 796; Kenyon v. Nichols, 1 R. I. 411; 13 Cyc. 633; 18 C. J. 283. The law forbids an auctioneer himself to bid on the property. Adams v. Sayre, 70 Ala. 318; Id., 76 Ala. 509; Spratt v. Wilson, 94 Ala. 608, 10 So. 209; 2 C. J. 700; Walker v. Palmer, 24 Ala. 358; McKinley v. Irvine, 13 Ala. 681; McGar v. Adams, 65 Ala. 106; Eastern Bank v. Taylor, 41 Ala. 93. The burden is on the auctioneer to prove full knowledge on the part of the owner and consent by him. Waddell v. Lanier, 62 Ala. 347; Boney v. Hollingsworth, 23 Ala. 698; James v. James, 55 Ala. 525. The very terms of the contract

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sued on defeats plaintiff's right of recovery; and defendant can take advantage of this without a special plea. Davis v. Zimmern, 211 Ala. 63, 99 So. 307; Davis v. Dawkins, 209 Ala. 45, 95 So. 188.

H. G. Bailey, of Boaz, for appellee.

Parol evidence of the contents of the memoranda was, under the circumstances of the case, admissible. Code 1923, § 7712. Plaintiff's testimony showed that the memoranda complied fully with the statute. 27 C. J. 293; Adams v. McMillan, 7 Port. 73. There was no special plea to the effect that plaintiff breached his duty by knocking off the property to defendant's agents; this was necessary. Code 1923, § 9470.

SAYRE, J. Appellee's suit was for commissions for arranging, advertising, and conducting an auction sale of real estate for appellant.

Section 8035 of the Code provides that:

"When lands, tenements, or hereditaments are sold or leased at public auction, and the auctioneer, his clerk or agent, makes a memorandum of the property, and price thereof at which it is sold or leased, the terms of sale, the name of the purchaser, or lessee, and the name of the person on whose account the sale or lease is made, such memorandum is a note of the contract, within the meaning of the preceding section"—the statute of frauds.

The contract in writing between the parties, declared upon according to its legal effect in counts 1 and 4 and put in evidence by the plaintiff, contemplated that plaintiff would comply with the statute so as to bring about a valid and binding obligation between defendant owner and the successful bidders at the sale, and was so considered and treated in the trial court.

[1] The court, over defendant's objection and exception, allowed the plaintiff to testify to the contents of the memoranda of sales made by him or his clerk at the time of the sale. The memoranda were not produced. In this we find no sufficient reason for a judgment of reversal. Plaintiff's testimony was that he had delivered the memoranda to Claybrooke who was defendant's general manager, and who acted for it on the occasion of the sale, and notice to produce had been served on him. In the presence of plaintiff's very definite testimony to the effect above stated, it is not perceived that the court's requirement of a search by plaintiff for the memoranda would have served any useful purpose. Claybrooke, testifying as a witness for defendant, said with equal emphasis that the memoranda had not been delivered to him. The inquiry as to the prerequisite to the admissibility of secondary evidence was one for the court in which the jury had or could have no part. The court's ruling depended in large measure upon the apparent value of the memoranda in the circumstances shown. Speaking generally, the court has said that:

"If any suspicion hangs over the instrument, or that it is designedly withheld, a rigid inquiry should be made into the reasons of its nonproduction. But when there is no such suspicion, all that ought to be required is reasonable diligence to obtain the original—in fact, courts in such cases are extremely liberal." Juzan v. Toulmin, 9 Ala. 662, 44 Am. Dec. 448.

The matter rested in the judicial discretion of the court (Agee v. Messer-Moore Co., 165 Ala. 291, 51 So. 829; Jones on Ev. [2d Ed.] § 213), and, upon this review, we are unable to pronounce a confident judgment that the trial court committed reversible error at this point.

[2-4] Defendant requested the general affirmative charge, based, among other things, upon the contention that the memoranda referred to were insufficient under the statute of frauds. It is the duty of the auctioneer selling real estate to make a memorandum that will bind the purchaser. 2 R. C. L. § 36, p. 1155. Plaintiff recognized his duty in this case and made an effort to perform; that is, he made memoranda of sales in substantial compliance (we may assume) with section 8035 of the Code except in one respect. In making memoranda of the sales of the several parcels in which the land was sold, he described each parcel as follows: "Lot No. so and so, and block so and so." We understand that, by the collocation of the words "so and so," the witness, attempting to reproduce the memoranda by parol, intended to say that each parcel was indicated by a number, and so with reference to the block in which each parcel was located; this, and nothing more. But this method of designating the parcels sold was not a sufficient compliance with statute of frauds. Plaintiff offered testimony to the effect that the numbers by which lots and blocks were so designated referred to numbers shown on a surveyor's map or plat of the property showing its division into blocks and lots and according to which the sale was made. But in the memoranda there was nothing to locate, designate, or describe the map or plat. To supplement the memoranda, or supply any of the essential parts of the contract of sale and purchase, parol testimony cannot be received. "The policy of the statute is to exclude testimony of that uncertain character with respect to transactions within its provisions. It therefore requires the substantive parts of the contract to appear in the writing. To admit parol evidence of any of the terms of the contract with respect to which the memorandum is silent, would open the door to the very mischief the statute was intended to suppress." Johnson v. Buck, 35 N. J. Law, 338, 10 Am. Rep. 243. In the cited case plaintiff endeavored to remedy the defects in the memorandum made by recourse to the "conditions of sale." The court noted that, indeed, plaintiff's right to sue was de-

rived exclusively from that source, and said:

"The difficulty in the way of resorting to the conditions in aid of the plaintiffs' case, lies in the fact that they cannot be connected with the signed memorandum without violating established principles of evidence with respect to transactions within the statute. The conditions were read at the sale, and contain internal evidence that they were intended for the sale in question, but were not signed by the defendant, and are in no wise referred to in the memorandum in the salesbook to which his signature was affixed."

The court continued:

"The connection between the signed and the unsigned papers cannot be made by parol evidence that they were actually intended by the parties to be read together, or of facts and circumstances from which such intention may be inferred. The connection between them must appear by internal evidence derived from the signed memorandum" (citing authorities).

We have quoted thus at length from the New Jersey case because it contains a clear statement of the meaning and effect of the statute of frauds in a case very like the present. There is nothing new about this; it is as old as the statute. Browne, Statute of Frauds (5th Ed.) § 348. And this court has stated the doctrine in terms not easily misunderstood. Thus Stone, J., in Knox v. King, 36 Ala. 367, said:

"But, when the memorandum in writing is itself incomplete, it cannot derive aid from another writing, unless the memorandum refer to the other writing. Oral evidence cannot be received to connect the two, or to supply the wanting link; for this would let in all the mischiefs which the statute of frauds and perjuries was intended to prevent."

To the same effect are Adams v. McMillan, 7 Port. 73, Jenkins v. Harrison, 66 Ala. 360, Thrasher v. Royster, 187 Ala. 350, 65 So. 796, Kyle v. Jordan, 196 Ala. 512, 71 So. 417, and State v. Meaher, 213 Ala. 466, 105 So. 562. Other cases to the same effect might be cited from the reported decisions of this court. This principle is said· (Kyle v. Jordan, supra) to have been relaxed in some cases, but we have found no evidence of its relaxation to the extent necessary to an approval of the sufficiency of the memoranda shown by the record in this case. Of course, the parties, owner and bidders, might have consummated the transactions notwithstanding the lack of sufficient memoranda, in which event the statute of frauds would have lost all significance, and therefore, on the hypothesis of the insufficiency of the memoranda, defendant should ·have been allowed to show that there had been no compliance by bidders with the terms of sale. The court here is of opinion that the memoranda were insufficient to show a binding contract between owner and bidders, and hence, as matter of law, that plaintiff failed to earn his commissions, and so that defendant was entitled to the general affirmative charge.

[5] Appellant also presses upon the court's attention its proposition that plaintiff was not entitled to recover for the reason that, secretly and without defendant's (appellant's) knowledge, plaintiff employed a certain person to bid up the property, the purpose being, as we infer, to cause the property to bring something over $10,000, and so, in agreement with the contract between the parties, to make defendant responsible for an increased percentage of the total bids—in effect, a plea of fraud as set forth in plea 3. This involved a question of legal policy according to which the agent is not permitted to traffic with the subject-matter of his agency, without the consent of his principal, so as to reap a profit for himself. Adams v. Sayre, 70 Ala. 318. And it is easy to see how, under the contract between the parties and on the facts in evidence, a by-bidder may have pushed up the price of the property 'so that the increased percentage of commissions to the auctioneer would materially exceed the increased price thereby realized from the sale. In the absence of knowledge on the part of the owner, this method of procedure would have amounted to a fraud. Appellant requested several charges in an effort to get the proposition of the third plea before the jury, but each of them was defective in that it failed to hypothesize appellant's lack of knowledge of the arrangement between plaintiff and the alleged by-bidder. The burden may have rested on the auctioneer to prove knowledge on the part of the owner and his consent (Boney v. Hollingsworth, 23 Ala. 698), but the evidence was in conflict as to the point here in issue, and the charges should have hypothesized, in consonance with the allegation of the plea, defendant's ignorance of the fact.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.