118 So.2d 751

**M. M. BORDEN et al.**

v.

**A. B. CASE.**

**1 Div. 804.**

Supreme Court of Alabama.

March 10, 1960.

Austill & Austill, Mobile, for appellee.

Edmund R. Cannon, Jr., Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellants.

**SIMPSON, Justice.**

This is an appeal from a final decree granting specific performance to appellee A. B. Case against appellant M. M. Borden, for the carrying out of an alleged agreement to execute and deliver to said Case an oil, gas, and mineral lease on the lands described in the bill, and against appellant W. C. Proctor (in legal effect) to cancel his lease as a cloud on appellee's title.

The suit revolved around the failure of Borden to go through with the transaction after he had accepted a cashier's check in the amount of $125, sent to him by said Case. After receiving the check and an original and a copy of the lease (sent by Case's agent, one Alice Bonner), Borden returned the copy of said lease through the United States mail, together with the following written memorandum:

"Corona 68, N. Y., 9/10/55

"Kindly have other party to the agreement include his address and signature to the enclosed copy, for my information and to legalize the agreement. The signature, like my own, must of necessity be notarized. Original shall be forwarded immediately the copy is received.

"M. M. Borden"

After receiving this memorandum and copy of said lease, Case, in order to comply with it, had said copy of said lease duly notarized, as Borden directed, signed it, placing on it his Mobile address and returned to Borden. Thereafter, upon Borden's failure to execute and return the other (original) copy of the lease, as his letter said he would do, Case recorded the above memorandum in the office of the Judge of Probate of Mobile County, with the following indorsement:

"This letter received Sept. 14, 1955, enclosing copy of Oil, Gas and Mineral lease, Producers 88 (Rev) 8–51–D25154 covering S ½ of NE ¼ of NW ¼ Sec. 12 TIN R3W Mobile County, Ala., for which Borden received $125.-00 by cashiers check on Citronelle State Bank. Lease signed and notarized and mailed this date.

"A. B. Case"

Borden retained the cashier's check and did not withdraw his offer to make said lease until some months later. Borden later executed a similar lease to appellant W. C. Proctor.

It is the contention of the appellee, and the trial court seems to have adopted this theory, that the contract, the specific performance of which is sought, was the counter offer made by Borden first quoted

hereinabove, which contract was immediately accepted by said Case and before Borden withdrew his offer; that the contract price was fair and reasonable because at that time the lands were not proven oil lands, but were considered "wildcat"; that said Borden never attempted to withdraw his offer to make the lease to Case until Case had accepted the offer and some time later when he returned the certified check.

Borden filed a separate plea, addressed to that aspect of the bill seeking to have the court require him to execute the oil, gas, and mineral lease to the said Case, which plea, in substance, avers that at no time did he, Borden, sign or enter into an agreement or contract with Case providing for a conveyance from Borden to Case of a leasehold interest, or any other interest, in the real property described in the bill and that the alleged agreement with which he is sought to be charged violates the statute of frauds and is void.

W. C. Proctor also filed a plea addressed to that aspect of the bill seeking to have Case's lease declared prior to his lease. The plea alleged that the lease of Case is subordinate to his lease in that he, Proctor, had no notice or knowledge of Case's lease and was, therefore, an innocent purchaser.

These pleas were set down to test their sufficiency in due course and, after consideration by the court, were held insufficient. Testimony was taken ore tenus before the trial judge, and on this hearing A. B. Case was questioned rather extensively, his evidence bearing out the features alleged in his bill. No cross-examination was exercised. The brief testimony which Alice Bonner (the party who transmitted the document to Borden for Case) would have given had she been present in court was admitted into evidence by stipulation of the parties. No other evidence was presented, appellants resting without offering evidence. A decree was entered by the court granting the relief prayed for by the appellee and this appeal proceeded.

The various assignments of error are directed to the different phases of pleading and evidence in the case to which appellants claim exception, but boiled down they present two single and independent issues, both of which have been ably argued in brief. They are:

First. Is the document or memorandum signed by M. M. Borden and dated September 10, 1955, together with the copy of the lease, both of which were returned through the United States mail to A. B. Case by way of Alice Bonner, ineffective as violative of the statute of frauds?

Second. Regardless of the effect, vel non, of the statute of frauds on the transaction between Borden and Case, the other appellant, W. C. Proctor, argues that the court was in error in holding insufficient his special plea that he, when he purchased the subsequent mineral lease from Borden on December 21, 1955, was an innocent purchaser for value without notice of Case's prior lease.

Our answers to the two propositions are in the negative. We treat them in order, assuming without deciding that an oil, gas, and mineral lease is a conveyance of an interest in real property within the purview of the statute of frauds.

Section 3 of Title 20, Code of Alabama 1940, as amended, of our statute of frauds is so well known that we need not burden the opinion by quoting it.

■ To avert the bar of the statute, in all contracts for the sale of lands, or any interest therein, in the absence of any payment of purchase money, or a portion thereof, and possession by the purchaser, there must be some agreement in writing, or written memorandum, or note of the sale expressing the consideration thereof, the terms, the parties, the property, and signed by the party to be charged or his lawful agent. If such written proof is not clear evidence of the contract purported to exist, the case comes within the bar of the statute

and the transaction is considered void. Carter v. Shorter, 57 Ala. 253; Patt v. Gerst, 149 Ala. 287, 42 So. 1001; Butler Cotton Oil Co. v. Millican, 216 Ala. 472, 113 So. 529; Horton v. Wollner, Hirshberg & Co., 71 Ala. 452; Jenkins v. Harrison, 66 Ala. 345.

In the case of Alba v. Strong, 94 Ala. 163, 165, 10 So. 242, this court stated the governing rules:

"The following propositions must be regarded as settled by the former decisions of this court beyond controversy: *First*. That to authorize the specific enforcement of an agreement to sell land all the terms of the agreement must have been agreed on, leaving nothing for negotiation. *Second*. That all the terms of the agreement viz., the names of the parties, the subject-matter of the contract, the consideration and the promise, must be in writing, signed by the party sought to be charged, or by his agent thereunto authorized in writing. * * * *Third*. That it is not essential that the paper evidence of the agreement be in any particular form, provided it contain the substance, as stated above. *Fourth*. That the written evidence of the terms of the agreement need not all be expressed in one paper. If expressed in two or more papers, it will be sufficient, if collectively they contain enough, and refer to each other, and show the connection with sufficient clearness, without the aid of oral testimony. If however, oral testimony is required to connect the papers, or to supply any essential term of the contract, then there is a failure to make a case for specific performance."

See also the following: Horton v. Wollner, Hirshberg & Co., supra; Norman v. Molett, 8 Ala. 546; Jenkins v. Harrison, supra; Patt v. Gerst, supra; Butler Cotton Oil Co. v. Millican, supra; Johnston v. King, 250 Ala. 571, 35 So.2d 202; and others.

Let us analyze the papers in the instant suit which are claimed by the appellants to fail to measure up to the requirements enumerated. The subject papers consist of two separate instruments, only one of which is signed by Borden. The signed paper is the letter or memorandum, first above quoted, written on what appears to be stationery used by Borden in his real estate brokerage business. We quote again the message or notation thereon, to which the signature of M. M. Borden is subscribed:

"Kindly have other party to the agreement include his address and signature to the inclosed copy, for my information and to legalize the agreement. The signature, like my own, must of necessity be notarized. Original shall be forwarded immediately the copy is received."

The other instrument ("the inclosed copy") is a copy of the original lease which was sent to Borden through the mail (by way of Case's agent, Alice Bonner) along with the original and which copy was returned by Borden with the memorandum set out above. It is insisted by the appellee, and this contention seems to be sustained by the evidence, that the original and copy thereof contained the name of M. M. Borden as lessor and A. B. Case as lessee, the date, the address of the lessor, and the consideration ($125), the description of the lands covered, duration of the primary term, royalty provisions, amount of rental payments to extend the life of the lease, and other numerous provisions in detail. This fact is borne out by an examination of plaintiff's Exhibit A introduced on the trial and copied into the record, which seems to be conceded to be a copy of said lease. Therefore, we will proceed with the analysis upon the assumption that Exhibit A accurately depicts the contents of "the inclosed copy" of the lease which accompanied the memorandum. See Butler Cotton Oil Co. v. Millican, supra; Cf. Ezzell v. S. G. Holland Stave Co., 210 Ala. 694, 99 So. 78, and Carter v. Shorter, supra.

Looking at the two papers described above, the conclusion is inescapable that they fulfill all of the requisites of the statute. The two papers are certainly in writing; they express the consideration; and at least one of them is subscribed by the party to be charged therewith. They purport to represent an agreement, if not implicitly, then impliedly within its language, as the very word, "agreement", is noted twice in the memorandum. Close inspection of the documents reveals that the names of both parties appear, that the property covered is adequately described, and that the terms of said lease are set out in detail therein. Nothing is left for negotiation.

■ It has already been pointed out that in such cases as this it is not essential that the agreement be in any particular form, provided it contains the substance; and that all the necessary elements need not all be in one paper. As was held in Jenkins v. Harrison, supra, a deed, in and of itself, drawn and executed with the knowledge of both parties, with a view to the consummation of a contract of sale, which "embodies the substance, though not all the details or particulars of the contract, naming the parties, expressing the consideration, and describing the lands, though not delivered, and its delivery postponed until the happening of a future event, is a note, or memorandum of the contract, sufficient to satisfy the words, the spirit, and purposes of the statute of frauds."

■ Appellants argue that there is no internal evidence within the two papers sufficient to connect them and give them unity; that there is no reference at all in the lease copy concerning the memorandum, but, as we view it, such is not necessary. The statement in the memorandum signed by appellant referring to the "inclosed copy", is sufficient to connect the two papers by internal reference so as to allow parol testimony to be admitted in order to supply the link between them. The writer of the memorandum pointed out definitely the specific document to which the memorandum related, thereby indubitably implying some accompanying paper understood by both, which rendered a more definite reference unnecessary. See White v. Breen, 106 Ala. 159, 19 So. 59, 32 L.R.A. 127.

This case must be distinguished from those cases where an attempt is made to offer evidence for the purpose of supplying an essential term of the contract or of connecting the papers in the face of a total absence of any internal reference. With this in mind, we may advert to the case of Forst v. Leonard, 112 Ala. 296, 20 So. 587, 589, where the court in passing upon an analogous situation said:

"Waiving inquiry whether the reference is filled by the production of the written contract, we shall assume that parol evidence is necessary. Is it admissible? We think there can be no doubt about it. Its only necessary office in the case is the identification of a contract shown by the bond itself to have been entered into between named parties for a certain purpose, and to be an existing undertaking. We do not understand it to have ever been the law that parol evidence was inadmissible under these circumstances for this purpose. Without such evidence the whole contract is existent, and evidenced by writing. The oral evidence does not add or take away a single term to or from it. But merely by clearing away an ambiguity or uncertainty in the reference of one part of this wholly written contract to another, such evidence brings the separated parts together. But, if the rule were ever otherwise, it is not so either here or in England at the present time. To the contrary, it is thoroughly well established, there and here, that where a contract, required to be in writing by the statute of frauds, rests upon the contents of two separate papers, and the only thing lacking to a compliance with that statute is the identification of the two papers in their relation to each

other, that identification may be supplied by oral evidence."

See, also, as sustentive the following: Kyle v. Jordan, 196 Ala. 509, 71 So. 417; Carter v. Shorter, supra; Knox v. King, 36 Ala. 367; White v. Breen, supra, and Jenkins v. Harrison, supra; citing with approval: Thayer v. Luce, 22 Ohio St. 62; Salmon Falls Mfg. Co. v. Goddard, 14 How. 446, 14 L.Ed. 493; Beckwith v. Talbot, 95 U.S. 289, 24 L.Ed. 496.

On the basis of the principles expounded in these cases, we are constrained to hold that in the instant case the words of connecting reference, "the inclosed copy", were enough to permit the admission of parol testimony going to show the attending facts surrounding the transaction, tending further to relate each document to the other, and, altogether considered, establishing an enforceable agreement, without the bar of the statute of frauds.

There are also many other cases equally sustentive, some of which are: Fidelity & Casualty Co. of New York v. Raborn, 234 Ala. 31, 173 So. 402; Horton v. Wollner, Hirshberg & Co., supra; O'Barr **v.** Turner, 16 Ala.App. 65, 75 So. 271.

■ We attain the conclusion that the evidence on trial met the burden of the rule that a case of specific performance must be established by clear, definite and unequivocal evidence, and must not leave the contract or any of its terms in doubt. Spruiell v. Stanford, 258 Ala. 212, 61 So.2d 758, and cases cited.

The question remaining for decision is the correctness of the trial court's ruling holding the plea of W. C. Proctor, setting up the defense of bona fide purchase for value without notice, insufficient. Appellee's bill of complaint alleges the recordation of Borden's signed memorandum, together with a statement by Case that he had complied with the terms of said document and that Proctor had full knowledge actual or constructive, of the Case transaction when he procured the lease from Borden. In the face of this allegation, Proctor filed a plea which only averred that at the time he obtained his lease from Borden he had no actual or constructive notice of the alleged agreement between Case and Borden, but was a bona fide purchaser without notice thereof.

In Holgerson v. Gard, 257 Ala. 579, 60 So.2d 427, 429, 33 A.L.R.2d 1315, it was said:

"As against an outstanding equity a bona fide purchase for value without notice must be specially pleaded where this does not appear on the face of the bill. Adams v. Pollak, 217 Ala. 688, 117 So. 299. And if the pleading is defective in this respect, even though there is proof, the respondent cannot have the benefit of this defense without amendment. Hooper v. Strahan, 71 Ala. 75."

See also Hogan v. Scott, 186 Ala. 310, 65 So. 209; Hatter v. Quina, 216 Ala. 225, 113 So. 47; Foster v. Williamson, 236 Ala. 672, 185 So. 168, and Kelley v. Chandler, 184 Ala. 358, 63 So. 941.

■ Our authorities hold that "a plea put in by a defendant claiming to be a bona fide purchaser for value without notice, in order to be available as a protection against a prior equity or conveyance asserted by the complainant, must aver clearly, distinctly and without equivocation the following facts: (1) that he is the purchaser of the legal as distinguished from an equitable title; (2) that he purchased the same in good faith; (3) that he parted with value as a consideration therefor by paying money or other thing of value, assuming a liability or incurring an injury; (4) that he had no notice, and knew no fact sufficient to put him on inquiry as to complainant's equity, either at the time of his purchase, or at, or before the time he paid the purchase-money, or otherwise parted with such value." Craft v. Russell, 67 Ala. 9, and cases therein cited. Hooper v. Strahan, 71 Ala. 75; Holgerson v. Gard, supra; Sherrod v. Hollywood Holding Cor-

poration; 233 Ala. 557, 173 So. 33; Larkins v. Howard, 252 Ala. 9, 39 So.2d 224, 7 A.L.R.2d 541; Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376.

It is noted that appellant Proctor's plea of bona fide purchase without notice does not contain any averment concerning payment of a consideration by Proctor for the lease alleged to have been obtained from Borden. Such an averment is necessary, not only denying notice before purchase but also denying notice before payment of the money therefor. Wells v. Morrow, 38 Ala. 125.

Without considering any other imperfections, vel non, of Proctor's special plea, we are unable to say that the trial court erred in holding the plea insufficient, when tested against the criteria outlined above. In fact, it is deemed quite short of the mark.

We reach the conclusion the trial court ruled correctly on the issues presented on trial.

Affirmed.

LAWSON, STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.