# Alba *v.* Strong.

*Bill in Equity by Purchaser, for Specific Performance of Contract for Sale of Lands.*

1. *Specific performance; statute of frauds; description of lands in writing.* A court of equity will not decree the specific performance of a contract for the sale of land, unless a compliance with the provisions of the statute of frauds is shown (Code, § 1732); and this requires that the lands shall be so described as to be susceptible of identification, either in the written agreement itself, or in some other writing to which it refers.

[Alba v. Strong.]

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WM. H. TAYLOE.

The bill in this case was filed on the 13th September, 1890, by Peter F. Alba against Joseph C. Strong, to enforce the specific performance of an alleged agreement for the sale of a tract of land by the defendant to the complainant. The defendant was the trustee in a deed of assignment for the benefit of creditors executed by the Danner Land and Lumber Company, which had become insolvent. The deed of assignment conveyed, with other property, three large tracts of pine lands, one of which was situated near the village of Portersville in Mobile county, and was thus described in the deed: "The Fernland mill-site, and *pine lands near thereto, comprising some eight thousand acres, more or less*, and the railroad and rails connected therewith, with the tram-cars thereon;" and these words were added in the deed, in further description of the three tracts of land: "the last described tracts of land being more particularly described in the deed made 18th July, 1881, by Garland Dees and wife to A. C. Danner & Co." The complainant alleged in his bill that, desiring to purchase this tract of land, without the mill-site or railroad appurtenances, for the purpose of establishing a cattle-ranch, "he submitted to the defendant a definite offer of sixty-five cents per acre for it, to which said defendant promised to make answer in due time;" and that he received from the defendant, a few days afterwards, through the post-office, a letter dated August 30, 1890, which was made an exhibit to the bill, in these words: "After talking with the parties interested, in regard to your offer for certain lands of the Danner Land and Lumber Company, I have concluded to say that I feel compelled to decline your offer. I had other parties from the North here yesterday evening, looking at the plats of all the lands with the view of buying the whole thing. I offered to sell them the whole thing at the rate of 80 cents per acre; and while we did not trade, the proposition is still open, and I think favorably considered. Now, I would like very much to see you have the lands you want, and will give you the preference at 75 cents per acre, and I trust you will see fit to close the thing at once. I feel reasonably sure that I will close out every acre of our land at the rate of 75 cents, or better, within the next few months." The bill alleged, also, that the complainant received this letter on Sunday, the day after its date, and sought a personal interview with the defendant on the ensuing Monday; in which interview, "after a few preliminary remarks designed simply to ascertain if the terms stated in said letter were the best he could obtain, he told said assignee [defendant] that he

[Alba v. Strong.]

would accept the offer made in said letter, and would buy the said tract therein referred to at the price therein stated;" to which defendant replied, that it was too late, "for the reason that, on that very day, before meeting your orator, he had sold said tract of land to other parties."

The defendant demurred to the bill, assigning sixteen grounds of demurrer, the principal of which was, that it did not show a compliance with the terms of the statute of frauds; and he also pleaded the statute of fraunds. The chancellor sustained the demurrer and the plea, and his decree is assigned as error.

HANNIS TAYLOR, for appellant, cited *Jenkins v. Harrison*, 66 Ala. 345; *Little v. Parsons*, 7 Pick. 301; *Mead v. Parker*, 115 Mass. 413; *Slater v. Smith*, 117 Mass. 96; *Norman v. Molett*, 8 Ala. 546.

PILLANS, TORREY & HANAW, *contra*, cited *Carter v. Shorter*, 57 Ala. 253; *Phillips v. Adams*, 70 Ala. 373; *Horton v. Woolner*, 71 Ala. 452; 25 Amer. Dec. 665; Reed on Stat. Frauds, §§ 398, 408; *Doherty v. Hill*, 144 Mass. 465.

STONE, C. J.—The following propositions must be regarded as settled by the former decisions of this court beyond controversy: *First*, that to authorize the specific enforcement of an agreement to sell land, all the terms of the agreement must have been agreed on, leaving nothing for negotiation. *Second*, that all the terms of the agreement viz., the names of the parties, the subject-matter of the contract, the consideration and the promise, must be in writing, signed by the party sought to be charged, or by his agent thereunto authorized in writing.—Code of 1886, § 1732. *Third*, that it is not essential that the paper evidence of the agreement be in any particular form, provided it contain the substance, as stated above. *Fourth*, that the written evidence of the terms of the agreement need not all be expressed in one paper. If expressed in two or more papers, it will be sufficient, if collectively they contain enough, and refer to each other, and show the connection with sufficient clearness, without the aid of oral testimony. If, however, oral testimony is required to connect the papers, or to supply any essential term of the contract, then there is a failure to make a case for specific performance. Waterman on Specific Performance, § 231; Fry Spec. Per. § 72; *Carter v. Shorter*, 57 Ala. 253; *Phillips v. Adams*, 70 Ala. 373; *Horton v. Wollner*, 71 Ala. 452; *Norman v. Molett*, 8 Ala. 546.

*Jenkins v. Harrison*, 66 Ala. 345, is not opposed to these

views. On the contrary, it re-affirms them. In that case, the original memorandum was conceded to be insufficient, but a formal deed was signed, which, though not delivered, was sufficient of itself to take the case without the influence of the statute of frauds. Speaking of that deed and another, simultaneously signed, this court said: "Of themselves, the deeds import a bargain and sale of the fee-simple estate in lands, which are particularly described; and the bargainor and bargainee are clearly stated." If the original, imperfect memorandum had been entirely omitted, the non-delivered deed contained all the terms of the contract, was signed by the party sought to be charged, and was sufficient.

In the case in hand, the writing neither expresses the quantity of the land, nor any description by which it can be determined what land was intended to be bought or sold. This, according to the averments of the bill, rests entirely in parol. The chancellor did not err in sustaining the demurrer to the bill.

Affirmed.