# Shannon *v.* Wisdom.

## *Breach of Contract.*

(Decided April 13, 1911.   55 South. 102.)

1. *Appeal and Error; Affirmance; Demurrer.*—If one of the grounds of demurrer was good, a judgment sustaining generally a demurrer assigning several grounds will not be disturbed on appeal.

2. *Vendor and Purchaser; Contract; Description of Land.*—Where a contract describes the land merely as a certain number of acres, more or less, in each of certain counties, aggregating a set number of acres, it is void for uncentainty in the description of land.

3. *Frauds; Statute of; Sale of Land.*—A contract for the sale of land which is void under section 4289, Code 1907, will not support an action for the breach thereof.

4. *Same; Sale of Land; Description.*—To satisfy the statute of frauds, a contract for the sale of land must describe the land with such certainty that it can be identified without the aid of oral evidence.

5. *Same; Pleadings.*—Where a pleading relies on a contract and sets it out in extenso, thus showing that it does not satisfy the statute of frauds, the same may be taken advantage of by demurrer. although the statute of frauds is a matter of defense which as a general rule must be insisted on by plea or answer.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by J. S. Shannon against W. W. Wisdom for breach of contract in the sale of land.   Judgment for the defendant and plaintiff appeals.   Affirmed.

GEORGE HUDDLESTON, for appellant.   The contract was sufficient in description to be aided by parol so as to render it valid and binding.—*Ellis v. Burden,* 1 Ala. 458; *Angel v. Simpson,* 85 Ala. 53; *O'Neal v. Seixas,* 85 Ala. 80; *Black v. Pratt Coal Co.* 85 Ala. 504; *Dorgan v. Weeks,* 86 Ala. 329; *Homan v. Stewart,* 103 Ala. 644; *White v. Breen,* 106 Ala. 159; *Paris v. Johnson,* 155 Ala. 403.   It follows, therefore,. that the court erred in sustaining demurrers setting up the statute of frauds.

[Shannon v. Wisdom.]

Where a contract for the sale of land is severable, one part alone may be rescinded, and the remainder affirmed, and failure of title to part of the land does not operate to release the vendee from obligation to purchase that to which there is good title.—*Van Eps v. Schenectadys,* 7 Am. Dec. 330; *Stoddardt v. Schmidt,* 5 Bin. 255; *Nelson v. Allen,* 117 Ala. 91. Where a portion to which the title fails is small in comparison to the whole tract, it will not raise the presumption that it would have induced the purchaser to decline a contract if it had been known to him, and rescission will not be granted.—67 S. W. 832; 33 Ore. 561; 71 Ia. 278; 41 Conn. 274. A vendor's title need not be perfect at the time the contract is made, and it is a sufficient compliance on his part if he puts himself in position to give sufficient title when the contract is to be performed.—*LeBron v. Morris,* 110 Ala. 128; *Jones v .The State,* 100 Ala. 209. Time was not the essence of the contract, and the vendor had a reasonable time for compliance, and a refusal to allow such time, was a breach of the contract.—139 Mass. 133; 58 Minn. 353; 98 Mo. 253; 177 Ill. 298; 39 Me. 566.

G. W. YANCEY, and ARTHUR GEERS, for appellee. The contract contained a patent ambiguity and could not be aided by parol.—*Chambers v. Ringstaff,* 69 Ala. 140; *Brannan v. Henry,* 142 Ala. 698. The description was not sufficient to satisfy the statute of frauds.—*Nelson v. Shelby M. & I. Co.* 96 Ala. 515; *M. L. Co. v. Jackson,* 121 Ala. 172; *Thompson v. New South C. Co.* 135 Ala. 630; *Pratt v. Gerst,* 149 Ala. 287; *Ala. C. R. R. Co. v. Longley,* 158 Ala. 301. Hence, this question was properly raised by demurrer. Under these authorities, the contract would not support a recovery for the breach.

MAYFIELD, J.—Appellant sued appellee for breach of a contract by which appellant sold, or agreed to sell, and appellee to purchase, about 7,000 acres of land. The land was described as situated in the counties of Winston, Lawrence, Lamar, and Walker, state of Alabama, and as embracing "6,000 acres, more or less, in the north portion of Winston county, 600 acres, more or less, in Lawrence county, 138 acres, more or less, in Lamar county, 500 acres, more or less, in Walker county, aggregating 7,238 acres." Among other things, the contract required the vendor (plaintiff) to furnish "a complete and guaranteed abstract of title" to the land, and stipulated that the contract should be "void until said guaranteed abstract of title is furnished"; also that defendant should pay $4 "for every acre of land mentioned in this contract and guaranteed as above set out, said abstract of title to be approved by the attorney at law" of defendant. The contract stipulated that the first payment should be made on July 1, 1907, but that, if on said date the abstract had not been approved, nothing should become due, "except as to 438 acres of above-mentioned, which is not now abstracted, but title to same to be approved by an attorney at law."

The complaint contained 11 counts, each declaring as for breach of the contract to purhase. All counts, except those numbered 1, 9, 10 and 11, were eliminated at the request or by consent of plaintiff (appellant here). Demurrers were sustained as to each of the remaining counts as last amended; and plaintiff declined to plead further and suffered judgment final thereon. From that judgment, plaintiff appeals, assigning errors as for sustaining demurrers to counts, 1, 9, 10 and 11, as last amended.

There was a great number of separate causes of demurrer assigned as to each of the counts, and the judg-

ment thereon was general, merely sustaining the demurrer as to each count, without specifying any one of the numerous grounds assigned. If any ground of demurrer was properly sustained to each of the counts, the judgment must be affirmed; but, if no ground of demurrer was good as to any one of the remaining counts as last amended, the judgment must be reversed. The ruling on demurrers we think was proper, and the judgment must be affirmed.

The contract which is set out in the complaint, and which is alleged in each count to have been breached by the defendant, is void on its face, as for uncertainty of description of the land sold or intended to be sold. Contracts of this class, to support an action as for breach thereof, or an action for specific performance, must be valid and binding upon both parties. The obligations must be mutual. Executory contracts wanting in mutuality are not enforceable. Contracts may be so uncertain as to parties or subject-matter as to be incapable of specific performance, or to support an action for damages for breach thereof.—*Christie, Lowe & Heyworth v. Patton,* 148 Ala. 324, 42 South. 614; *Erwin v. Erwin,* 25 Ala. 236; *Howard v. E. T., V. & G. R. R. Co.,* 91 Ala. 268, 8 South. 868.

Contracts as to the sale of lands, which fail to comply with the statute of frauds upon that subject, cannot be enforced; nor will they support an action as for breach thereof, because the statute declares that they are void unless they conform to the statute. Code, 1907, § 4289. "The rule that parol evidence may be introduced to supply defects and omissions in written instruments, which do not vary or contradict its terms, applies only to contracts which are valid; but the parol evidence is not admissible to render valid undertakings which are void by reason of the statute of frauds. * * * To

permit parol evidence to be introduced to supply the omission would break down the safeguards intended to be secured by the statute in all contracts for the sale of land. In *Jenkins v. Harrison,* 66 Ala. 345, 354, it is said: 'The written statement must contain, either expressly or by necessary inference, all the terms of the agreement— that is to say, the names of the parties, the subject-matter of the contract, the consideration, and the promise— and leave nothing open to future treaty.' And to the same effect is the case of *Phillips v. Adams,* 70 Ala. 376. 'If the note or memorandum shows only a treaty pending, and not a contract concluded, or if it annexed conditions, or otherwise make variations, it has no effect as a memorandum to bind the party from whom it proceeds. The note should express the consideration, the terms, the parties, the property, and be signed by the party to be charged, or his agent.'—*Carter v. Shorter,* 57 Ala. 253." *Nelson v. Shelby M. & I. Co.,* 96 Ala. 528, 11 South. 700, 38 Am. St. Rep. 116.

Contracts for the sale of lands must describe the lands with such certainty that they can be identified without resorting to oral evidence. While the writing need not give a technical description of the lands contracted for, it must contain facts sufficient to identify them. If it is necessary to resort to oral evidence of the intention of the parties as to the lands bargained for, the writing is not sufficient, and the statute is not complied with. It is the exclusion of parol evidence as to these important matters that the statute is intended to accomplish.—*Ala. Min. L. Co. v. Jackson,* 121 Ala. 172, 25 South. 709, 77 Am. St. Rep. 46; *Alba v. Strong,* 94 Ala. 163, 10 South. 242; Page on Contracts, § 699; *Phillips v. Adams,* 70 Ala 376.

"The statute of frauds is matter of defense which must, generally, be insisted on by answer or by plea.—

*Patterson v. Ware,* 10 Ala. 444. But when it clearly appears, from the averments of the bill, that the contract or agreement sought to be enforced is within the statute, the party to be charged may demur.—1 Dan. Ch. Pr. 561. If this appears, there is no new matter to be introduced by answer or plea. The invalidity of the contract is manifest, and a demurrer is the more appropriate mode of taking advantage of the statute.—*Cozine v. Graham,* 2 Paige [N. Y.] 177; *Walker v. Locke,* 5 Cush. [Mass.] 90; *Randall v. Howard,* 2 Black. 585 [17 L. Ed. 269]." *Bolling v. Munchus,* 65 Ala. 561.

While the above are chancery cases, the same rule has been extended to actions at law.—*White v. Levy,* 93 Ala. 487, 9 South 164; *Strouse v. Eiting,* 110 Ala. 139, 20 South 123.

The contract declared on being for the sale of lands, and it being set out in extenso in each count, and wholly failing to describe the lands contracted to be sold, each count, therefore, proclaimed its own invalidity, and was rendered subject to demurrer on that account.

There are other insuperable objections to maintaining this action; but it is unnecessary to discuss them, as the judgment of the lower court is final, and must be affirmed, for the reasons above assigned.

Affirmed.

SIMPSON, ANDERSON, and MCCLELLAN, JJ., concur.