(99 South. 78)

**EZZELL v. S. G. HOLLAND STAVE CO.**
(8 Div. 514.)

(Supreme Court of Alabama. Jan. 24, 1924. Rehearing Denied Feb. 14, 1924.)

**1. Frauds, statute of** &c⟹110(1)**—Maxim that that is certain which can be rendered certain held not applicable to letters referring to timber purchased.**

Where letters concerning purchase of timber gave no description of the property, referring only to the timber the parties had been "talking about," there was no foundation for the application of the maxim "Id certum est quod certum reddi potest."

**2. Frauds, statute of** &c⟹118(4)**—Resort to unsigned memorandum not referred to held not permissible to supply description in letters.**

Where letters concerning purchase of timber did not describe the land, resort could not be had to memorandum description not signed where no reference thereto was found in the letters.

**3. Frauds, statute of** &c⟹158(3)**—Parol evidence not admissible to render valid undertaking void under statute.**

Parol proof is not admissible to render valid undertakings which are void by reason of the statute.

**4. Frauds, statute of** &c⟹125(1)**—Tender of deed could add no strength to invalid contract to purchase timber.**

The execution and tender of a deed could add no strength by way of making valid a contract to purchase timber which was void by reason of the statute and which the purchaser had previously repudiated.

**5. Specific performance** &c⟹32(1)**—Obligation must be mutual.**

For specific performance of a contract, the obligation must be mutual and valid and binding upon both parties.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Bill in equity by the S. G. Holland Stave Company against John T. Ezzell, for specific performance of a contract to purchase timber. From a decree for complainant, Gertrude Ezzell, as executrix of the estate of John T. Ezzell, now deceased, appeals. Reversed and rendered.

Correspondence had between the parties to the suit is as follows:

"Scottsville, Ky., Sept. 5th, 1919.

"Mr. S. G. Holland, Nashville, Tenn.—Dear Sir: I am expecting a letter from Dr. W. P. Hughes. Should he not take the 1,600 acres timber that we were speaking about last Monday morning in your office, I will take the same and settle as soon as our deal is closed with you, Frazier and Self. I fully intended coming to Nashville to-morrow but business matters here prevents me from coming, and to-morrow being the day I was to close. I write you if this will suit. I am also writing Mr. Frazier and Self.

"I am truly yours,        John T. Ezzell."

"September 8, 1919.

"Mr. J. T. Ezzell, Scottsville, Tenn.—Dear Sir: We are in receipt of yours of the 5th inst. stating that you will take our timber that we were talking about at $1.00 per acre provided Dr. Hughes did not take it. We will accept this offer, and consider the deal closed, provided Mr. Leibfreid has not closed any deal before we can notify him. However, we will notify Leibfreid to-day that we have sold this timber to you, and you can make such disposi-

tion of it as you want to. We realize this is a big bargain, but we are not in position to work it. Frazier and Self are ready to close the deal as soon as the papers arrive. Acknowledge receipt of this letter so we will know this deal is closed, and we are ready to make transfer to you at any time.

"Yours very truly,
"S. G. Holland Stave Co.,
"By ———."

"Scottsville, Ky., September 9, 1919.

"Mr. S. B. Holland, Stahlman Building, Nashville, Tenn.—Dear Sir: Your letter received and noted. I will be down to Nashville the latter part of this week on my way to Alabama, and will stop and see you. We can arrange about the conveyance of the 1,600 acres of timber land when I come. I received a letter from Dr. Hughes yesterday. He was rather slow. That was why I wrote you that I would take it on my own account, so it will all be right either way. If Dr. Hughes comes in it will be all right with me. I also received a letter from Frazier himself, stating they had heard nothing from the deed and other papers from Mr. Weber. They certainly must be in Tuscumbia, Ala., or with Kirk & Rather, his attorneys. I am writing them this evening to hurry the matter up and send the papers to the First and Fourth National Bank, Nashville, Tenn. You may also state to Mr. Frazier himself that I am doing all I can to hurry the papers up. With kind regards to your Mr. Hart, I am,

"Yours very truly, John T. Ezzell."

"October 2, 1919.

"Mr. John T. Ezzell, Russellville, Ala.—Dear Sir: Frazier and Self have closed the Coffman & Webber deal to-day, and we would like to ask you how you want deeds made for timber bought from us. Shall we transfer the deeds we hold, or do you want a new deed from us? We would like to close this up in the next few days. If you prefer we can make deeds and send to bank at Russellville with draft. Awaiting your reply, we are,

"Yours very truly,
"S. G. Holland Stave Co.,
"By ———."

"October 10, 1919.

"Mr. John T. Ezzell, Russellville, Ala.—Dear Sir. When can we expect to close the timber deal of about 1,600 acres we sold you some time ago? We would like to get this closed at the earliest date possible. Awaiting your early reply, we are,

"Yours very truly,
"S. G. Holland Stave Co.,
"By ———."

"October 27, 1919.

"Mr. John T. Ezzell, Scottsville, Ky.—Dear Sir: Please let us hear from you at once, advising us how you want the deed made to the timber sold you in Alabama. You stated to us that you would pay for this as soon as the Frazier and Self deal was closed, which has been done quite a while back. We want this timber paid for, and want to make the deed as you direct during the remainder of this month. Let us hear from you by return mail, advising how you want the deed made.

"Yours very truly,
"S. G. Holland Stave Co.,
"By ———."

"Russellville, Ala., Nov. 2nd, 1919.

"Mr. S. G. Holland, Nashville, Tenn.—Dear Sir: I received your two or three letters but Dr. Hughes said he would write or see you. I also told Mr. Leibfreid that under the circumstances I could not handle the proposition as I was called to Ky. and returned a few days ago. I received a registered letter. Now I have tried to sell this timber land but since Dr. Hughes quit I am unable to take it individually as I found some of it the titles not good but will try to sell it on a commission basis if this suits you. I would have written you sooner but for Dr. Hughes who said he had a talk with Mr. Leibfreid who said he would write you. I was going to write you from Ky. but Dr. Hughes was up there and said there was no use. I am sorry the delay in answering your letter.

"I am truly yours, John T. Ezzell."

Kirk & Rather, of Tuscumbia, for appellant.

There was no memorandum showing a binding contract, and the correspondence between the parties did not show a concluded agreement. Carter v. Shorter, 57 Ala. 253; Alba v. Strong, 94 Ala. 165, 10 South. 242; Shannon v. Windom, 171 Ala. 413, 55 South. 102; Phillips v. Adams, 70 Ala. 373; Patt v. Gerst, 149 Ala. 287, 42 South. 1001; Smith v. Sherman, 174 Ala. 531, 56 South. 956. The statute of frauds is not satisfied by a written offer, which annexes conditions or predicates a sale upon contingencies. Nelson v. Shelby, 96 Ala. 528, 11 South. 695, 38 Am. St. Rep. 116. Nor unless the memorandum expresses a valuable consideration, description of the property, the terms, and be signed by the parties. Ala. Cent. R. R. v. Long, 158 Ala. 304, 48 South. 363; Horton v. Wollner, 71 Ala. 452; 27 C. J. 270; Ala. Min. Co. v. Jackson, 121 Ala. 172, 25 South. 709, 77 Am. St. Rep. 46.

Wm. L. Chenault, of Russellville, for appellee.

The memorandum and correspondence were sufficient to bind the respondent. Minge v. Green, 176 Ala. 343, 58 South. 381; Howison v. Bartlett, 141 Ala. 593, 37 South. 590; Angel v. Simpson, 85 Ala. 53, 3 South. 758; Meyer Bros. v. Mitchell, 75 Ala. 475; Nolen v. Henry, 190 Ala. 540, 67 South. 500, Ann. Cas. 1917B, 792; Daniel v. Wade, 203 Ala. 355, 83 South. 99; Ryder v. Johnson, 153 Ala. 482, 45 South. 181; White v. Breen, 106 Ala. 159, 19 South. 59, 32 L. R. A. 127.

GARDNER, J. The S. G. Holland Stave Company, a corporation, filed the bill in this cause against John T. Ezzell, seeking the specific performance of an alleged contract on the part of said Ezzell to purchase from the complainant certain 1,600 acres of standing timber situated upon lands in Colbert county, Ala.

The cause being submitted for final decree upon pleadings and proof, the testimony being taken by deposition, the trial court

reached the conclusion that the complainant was entitled to the relief sought, decreed specific performance of the contract, and gave judgment for the purchase money. To review this decree the appeal is prosecuted.

The contract here sought to be enforced is evidenced by letters only, and it is strenuously insisted by counsel for appellant that the statute of frauds is a complete answer to this cause, in that the writings nowhere describe the property, and, further, that the letters, themselves, properly construed, only disclose a "treaty pending and not a contract concluded." The transaction here sought to be enforced originated from a personal conversation had between Ezzell and representatives of the stave company. In this conversation the price was fixed at $1 per acre. Either at the time of the interview or a few days subsequent a memorandum was made as to the description of the timber copied from the deeds then exhibited, which memorandum has been lost. It contained no signature or any other writing save a notation of the description. The first writing concerning the purchase is found in the letter of September 5, 1919, written by Ezzell. This letter, together with the other correspondence which appears material to this controversy are set out in the report of the case. The timber was referred to in the letter of September 5th as "the 1,600 acres of timber that we were speaking about last Monday morning in your office," and on September 8th thereafter the stave company, in acknowledging receipt of this letter, referred to the timber as "our timber that we were talking about." The letter written by Ezzell on September 9th, in response to that of the stave company of September 8, likewise contains no description of the timber, merely referring to it as "the 1,600 acres of timber land." There is evidence to the effect that complainant owned other timber lands in Colbert county at that time.

Upon subsequently inspecting the timber in company with an agent of the stave company, Ezzell declined to purchase, and so notified the agent, and in answer to other letters so wrote the stave company on November 2, 1919. On November 17, 1919, the stave company forwarded to a bank at the home of the respondent a duly executed deed with draft attached for $1,600, the deed to be delivered upon payment of the draft. Respondent declined to receive the deed and pay the draft; hence this litigation.

[1] It is of course not to be controverted that the letters themselves contain no sufficient description of the property, the subject-matter of the entire transaction, but the reference is only to the timber the parties had been "talking about." There is, therefore, no foundation for the application of the maxim, "Id certum est quod certum reddi potest," as was recognized and enforced in the authorities cited by counsel for appellee, among them Meyer Bros. v. Mitchell, 77 Ala. 312; Meyer Bros. v. Mitchell, 75 Ala. 475; Angel v. Simpson, 85 Ala. 53, 3 South. 758; Howison v. Bartlett, 141 Ala. 593, 37 South. 590; Nolan v. Henry, 190 Ala. 540, 67 South. 500, Ann. Cas. 1917B, 792; Minge v. Green, 176 Ala. 343, 58 South. 381; Daniel v. Wade, 203 Ala. 355, 83 South. 99.

[2] Nor can resort be had to the memorandum description above noted, so as to supply this fatal deficiency. No reference thereto is found in any of the letters, nor is there anything in the correspondence indicating in the least that this memoradum has any relation to the contract, as is insisted was established thereby.

In Alba v. Strong, 94 Ala. 163, 10 South. 242, this court said:

"The following propositions must be regarded as settled by the former decisions of this Court beyond controversy: First. That to authorize the specific enforcement of an agreement to sell land all the terms of the agreement must have been agreed on, leaving nothing for negotiation. Second. That all the terms of the agreement, viz., the names of the parties, the subject-matter of the contract, the consideration and the promise, must be in writing, signed by the party sought to be charged, or by his agent thereunto authorized in writing.—Code, 1886, § 1732. Third. That it is not essential that the paper evidence of the agreement be in any particular form, provided it contain the substance, as stated above. Fourth. That the written evidence of the terms of the agreement need not all be expressed in one paper. If expressed in two or more papers it will be sufficient, if collectively they contain enough, and refer to each other, and show the connection with sufficient clearness, without the aid of oral testimony. If, however, oral testimony is required to connect the papers, or to supply any essential terms of the contract, then there is a failure to make a case for specific performance."

See, also, Carter v. Shorter, 57 Ala. 253; Carroll v. Powell, 48 Ala. 298; Adams v. McMillan, 7 Port. 73; Nelson v. Shelby, 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116; Shannon v. Wisdom, 171 Ala. 409, 55 South. 102; Jenkins v. Harrison, 66 Ala. 345; Patt v. Gerst, 149 Ala. 287, 42 South. 1001; Rains v. Patton, 191 Ala. 349, 67 South. 600.

The case of White v. Breen, 106 Ala. 159, 19 South. 59, 32 L. R. A. 127, cited by appellee's counsel, is in harmony with the foregoing authorities. The holding there was merely to the effect that where the papers show unmistakably that they relate to the same matter and constitute several parts of one continuous transaction, and that each was written with reference to the other, then there is such direct reference in the one to the other as to come within the rule established by our cases.

[3] Any connection between this memorandum of the description and the correspond-

ence in relation to this transaction is wholly dependent upon oral proof, and it is well established that parol proof is not admissible to render valid undertakings which are void by reason of the statute of frauds. As said in Shannon v. Wisdom, supra:

"If it is necessary to resort to oral evidence of the intention of the parties as to the lands bargained for, the writing is not sufficient, and the statute is not complied with."

[4] It therefore appears that respondent Ezzell had entered into no binding and enforceable contract for the purchase of this timber. The execution and tender of the deed by the stave company, as herein noted, could add no strength by way of making valid a contract as against Ezzell, which was void by reason of the statute of frauds, and which he had previously repudiated. Rains v. Patton, supra.

[5] For specific performance of a contract the obligation must be mutual; must be valid and binding upon both parties.

"Executory contracts wanting in mutuality are not enforceable." Shannon v. Wisdom, supra.

There was therefore error in decreeing the specific performance of this contract against respondent.

We are rather inclined to the view that the other objections to the effect that the correspondence shows a treaty pending rather than a concluded contract are well taken under the authority of Carter v. Shorter, supra. But, as the conclusion we have announced in regard to the invalidity of the contract for want of description of the subject-matter is conclusive against the relief sought in the bill, a consideration of this further objection is unnecessary, and therefore pretermitted.

We are of the opinion the court below erred in the decree rendered, and that the bill should have been dismissed. The decree of the lower court will be reversed, and one here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.