28 So.2d 418

**DOBSON et al. v. DEASON et al.**

6 Div. 524.

Supreme Court of Alabama.

Dec. 19, 1946.

---

[1] Ante, p. 386.

[2] Ante, p. 384.

R. G. Redden, of Vernon, for appellants.

Chas. E. Tweedy, Jr., of Jasper, and Young & Young, of Vernon, for appellees.

FOSTER, Justice.

This is a bill filed by appellants against appellees for the specific performance of a contract for the conveyance of certain described real estate. The court sustained demurrer to the bill as amended upon the ground as claimed in briefs that the contract is void under the statute of frauds.

The bill as amended described the lot in detail, and alleges that it is known as the Millport Motor Company property. It alleges that the contract between complain-ant and respondent is in writing, and it is copied in the amended bill, and is as follows:

"Received of T. T. Dobson, cashier's check for $100.00, to serve as binder on property, known as Millport Motor Company, at Millport, Alabama. It is stated that the purchase price is $7500.00, and that this $100.00 will be deducted from the above balance of the $7500.00, provided said $7400.00 is delivered to Bank of Vernon, Alabama and made payable to J. H. Deason within five days from the time the said Bank of Vernon, receives a deed made to T. T. Dobson and R. L. Hydrick."

The questions raised are whether or not the claim that the contract is void under the statute of frauds, Code 1940, Tit. 20, § 3, can be presented by a demurrer, and, second, whether the writing sufficiently complies with the statute of frauds.

■ We do not agree with appellants' contention that the statute of frauds can never be raised by a demurrer to the bill of complaint. It is fully settled that when the bill of complaint shows upon its face that the contract was not in writing, or, if in writing, was not a sufficient compliance with the statute, a demurrer on that ground should be sustained. Johnson v. Maness, 232 Ala. 411, 168 So. 452; Conoly v. Harrell, 182 Ala. 243, 62 So. 511; Trammell v. Craddock, 93 Ala. 450, 9 So. 587; Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851, 129 A.L.R. 526.

■ Since the bill of complaint states in haec verba the contract, it shows upon its face that it either is or is not in compliance with the statute of frauds, and a demurrer is appropriate to raise the question of whether it is a compliance.

The next contention is that it is in compliance with the statute of frauds, and therefore that the demurrer, while available, should not have been sustained on that ground.

■ We concur in this contention. The case of Matthews v. Bartee, 209 Ala. 25, 95 So. 289, 290, seems to be conclusive of that question. There the contract was

in the form of a receipt similar to the one here set out, and it was held to be sufficient as a compliance with the statute of frauds, since the executed instrument contains "The names of the parties, the subject-matter of the contract, the consideration and the promise." Alba v. Strong, 94 Ala. 163, 10 So. 242; McCarty v. Harris, 216 Ala. 265, 113 So. 233.

The cases cited by appellees to the effect that the writing must contain facts sufficient to identify the land, and oral evidence of the intention of the parties is not admissible (Shannon v. Wisdom, 171 Ala. 409, 55 So. 102; Alba v. Strong, supra; Alabama Mineral Land Co. v. Jackson, 121 Ala. 172, 25 So. 709, 77 Am.St.Rep. 46), do not in any respect militate against the rule that a general uncertain description can be made specific and certain by parol evidence of concurrent facts and circumstances sufficient to that end. Karter v. East, 220 Ala. 511, 125 So. 655; O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Meyer v. Mitchell, 75 Ala. 475; Slaughter v. Roe ex dem. W. M. Carney Mill Co., 221 Ala. 121, 127 So. 671; Henderson v. Noland, 238 Ala. 213, 189 So. 732, 123 A.L.R. 483.

That is the nature of the description in the instant case, and it is not void for uncertainty, but may be aided by evidence of facts and circumstances making it clear and certain.

The instrument here sued on is definite as to the parties, the consideration, amount to be paid, and when it is to be paid, a description of the property which may be aided by parol evidence, such as the facts alleged in the amended bill. Cay v. Ferrell, 239 Ala. 297, 195 So. 224; Penney v. Norton, 202 Ala. 690, 81 So. 666; Homan v. Stewart, 103 Ala. 644, 16 So. 35.

We therefore agree with the contention of appellants that the amended bill does not show that the contract is void under the statute of frauds. The decree sustaining the demurrer was in our opinion erroneous and should have been overruled.

Reversed, rendered and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.