34 So.2d 596

**DEASON et al. v. DOBSON et al.**

**6 Div. 669.**

Supreme Court of Alabama.

March 25, 1948.

the agreement to comply with the statute of frauds was sustained, and the rule as to the admissibility of the evidence to make certain the general description of the property in the receipt given by the defendant for the cash payment was fully stated. Dobson et al. v. Deason et al., 248 Ala. 496, 28 So.2d 418.

The issues of fact as to what constituted the property "known as Millport Motor Company at Millport, Alabama," owned by the respondent at the time of the negotiations between the parties, was tried on documentary evidence and testimony given ore tenus going to show that the property referred to in the negotiations between the parties was the property purchased by the respondent J. H. Deason from R. V. Windham.

In a letter written by respondent Deason in reply to Dobson's inquiry about the property, Deason stated: "I do own the R. V. Windham property better known as Millport Motor Company, Millport, Alabama; I would sell this property for $7,-500.00 cash." Dobson testified that upon receipt of this letter he called Deason on the telephone and told him he would accept his offer, and would send him a check "as a binder." He further testified that in said conversation Deason said the property included three buildings of the Millport Motor Co., and described them as a store building, the original garage, and a little concrete building behind the old Windham Store; that there was some vacant lots with it but he could not describe it. The evidence shows that the check was sent to Deason and accepted, and he gave the receipt set out in the report of the former appeal as a binder. The complainant offered other evidence in harmony with the foregoing.

Mr. Deason did not testify, but offered witnesses, residents of Millport for many years acquainted with the property, who testified what they understood and what was generally known that the "Millport Motor Company" property was the garage used as a storeroom for parts and the shop.

■ Weighing the evidence in the light of the rule stated in Dobson v. Deason, supra, and Olson et al. v. Nelson, 248 Ala.

Chas. E. Tweedy, Jr., of Jasper and Taylor, Higgins, Koenig & Windham, of Birmingham, and Young & Young, of Vernon, for appellants.

R. G. Redden, of Vernon, for appellees.

BROWN, Justice.

On a former appeal the equity of the bill as last amended and the sufficiency of

398

441, 28 So.2d 186, and giving due weight to the presumption in favor of the ruling of the trial court on conflicting testimony given ore tenus, we are not able to affirm error in the decree granting relief to the complainants.

■■ We are confronted by the complication that the respondent, Mrs. Deason, is not a party to the contract and, therefore, was not a proper party to the bill. Minge v. Green, 176 Ala. 343, 347, 58 So. 381. The only objection to her being made a party appears from the answer of the defendants to the bill as last amended in which they allege, "The defendant Mrs. J. H. Deason specifically says that she was not a party to said alleged binder and has never signed such an alleged agreement and that no decree should be rendered by the court requiring her to sign any deed to any property." The answer concludes: "The defendants stand ready, willing and able to execute and deliver a deed to the real property known as Millport Motor Company which is hereinabove described." and she joins in the appeal and the appellants made joint assignment of error on the record and the cause is submitted here without the appellants procuring an order of severance. Therefore, for the appellants to obtain relief, the burden was on them to show that they are both entitled to a reversal or modification of the decree.

■ Where the inchoate right of dower is involved and the wife is not a party to the contract, the weight of authority is to the effect that, "Before the court will refuse to enforce performance of the contract the unwillingness of the wife must be pleaded and proved as a defense." 49 Amer.Jur. p. 123, § 104; Amer. & Eng.Ann. Cases, Vol. 14, p. 671.

■ In such case, where the unwillingness of the wife to join in the conveyance is pleaded, the rule is stated as follows:

" 'The purchaser may have specific performance, with a deduction from the price of such sum as represents the present value of the wife's contingent interest, estimated by the usual rules and tables. By the practice in a number of states, instead of making an abatement of a lump sum from the purchase price, estimated as the present value of the wife's inchoate dower interest, the court gives an indemnity to the vendee against such interest. This is generally done by permitting him to retain one-third of the purchase price until the wife dies, or releases her dower, and securing its ultimate payment to the vendor or his heirs by mortgage or lien on the land conveyed.' 36 Cyc. 744 (11) (111), and numerous cases cited. Whatever may be the rule in some of the other states, this court has long been committed to the rule as above quoted. Springle v. Shields, 17 Ala. 295; Thrasher v. Pinckard, 23 Ala. 616; Kelly v. Allen, 34 Ala. 663, 670. This rule we think is in accord with reason, and is supported by the great weight of authority, and we have no disposition to depart from it at this late day. * * *" Minge v. Green, 176 Ala. 343, 352, 58 So. 381, 384.

■ In the instant case, as appears from the defendants' answer, they "stand ready, willing and able to execute and deliver the deed to complainant to the real property known as Millport Motor Co."

We are, therefore, of opinion that the decree is due to be affirmed and it is so ordered.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.