THOMAS, Judge.
On April 5, 2006, Ricky Lynn and Taña-ra Lynn sued Wade Stuart Family Enterprises, L.P. (“WSFE”), a Georgia limited partnership, and Hazel Stuart, a Georgia resident and a general partner in WSFE, *868 alleging breach of a real-estate sales contract. The Lynns’ complaint sought damages for breach of contract, specific performance of the contract, injunctive relief prohibiting WSFE from conveying the property to any other buyer, and attorneys’ fees and costs.
Ricky Lynn testified by deposition that in November 2005 he saw a “for sale” sign on a parcel of real estate fronting on 55th Street, also known as “Burney Road,” in Chambers County. The sign indicated that the realty was offered for sale by Remax Results of LaGrange, Georgia. The name and telephone number of the listing agent were displayed on the sign. Lynn contacted the listing agent and learned that the property contained approximately 27 acres of land and that the sales price was $360,000. The listing agent faxed Lynn a sketch showing the location and general contours of the property. A week later, Lynn met the listing agent at the site and walked the pi’operty to visually inspect it. Lynn testified that his inspection of the property led him to believe that the parcel may have been larger than 27 acres. Because he was unsure of the property lines, he told the listing agent that he wanted a survey. The listing agent informed Lynn that she would check with the owner about a survey. In late November or early December, Lynn received a survey from the listing agent and he walked the property again, that time with the survey. Lynn testified that for several months he was unsure about purchasing the property. Then, in March 2006, Lynn made an offer of $260,000 on the property. On March 7, 2006, the listing agent brought a six-page, preprinted, contract offer form to Lynn. The form named Hazel Stuart as the seller, the Lynns as the buyers, and recited a purchase price of $260,000.
The contract form designated the property as
“55 Burney Road, Valley, Alabama 3685k, according to the present system of numbering in and around this area, being more particularly described as Lot _, Block_, Phase/Section_of_ subdivision, as recorded in Plat Book 210, Page 905, Chambers County, AL, records .... The full legal description of Property is the same as is recorded with the Clerk of the Superior Court of the county in which Property is located and is made a part of this Agreement by reference.”
There were no documents attached to the form; specifically, the survey that been provided to Lynn was not attached to or referenced in the contract.
The contract was signed by Hazel Stuart and the Lynns. The closing was scheduled for March 31, 2006. On March 29, 2006, WSFE informed the Lynns that it was the owner of the property and that Hazel Stuart, who had signed the contract in her individual capacity, was not authorized to sell the property. During the 22-day interval between the signing of the real-estate sales contract and WSFE’s repudiation of the contract, the Lynns expended no money in reliance upon the contract; they neither made any improvements nor were they put in possession of the property. It was undisputed that WSFE owns two parcels of real estate contiguous to Burney Road in Valley, Alabama, but that neither parcel is located at 55 Burney Road. It was also undisputed that page 905 of plat book 210 is a plat for a different parcel of property belonging to a different owner. There is no superior court in Chambers County.
On May 11, 2007, the circuit court dismissed the complaint against Hazel Stuart for lack of personal jurisdiction and entered a summary judgment in favor of WSFE on all the Lynns’ claims. The Lynns filed a timely postjudgment motion, *869 which the circuit court denied on June 21, 2007. On June 27, 2007, the Lynns filed a timely notice of appeal to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975. On appeal, the Lynns present three issues, but, because one issue is dispositive, we do not address the other two. The dispositive issue is whether the real-estate sales contract is void under the Statute of Frauds, § 8 — 9—2(5), Aa.Code 1975, due to an insufficient description of the realty.

Standard of Review

Appellate review of a summary judgment is de novo. Ex parte Ballew, 771 So.2d 1040 (Ala.2000). A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ” Lee, 592 So.2d at 1038 (footnote omitted). “[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see § 12-21-12(d), Aa.Code 1975.

Discussion

The Statute of Frauds provides, in pertinent part:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
“(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller.”
§ 8-9-2, Aa.Code 1975.
Athough there is no provision in the Statute of Frauds regarding the sufficiency of the description of land, our supreme court has held that “[contracts for the sale of lands must describe the lands with such certainty that they can be identified without resorting to oral evidence.” Shannon v. Wisdom, 171 Ala. 409, 413, 55 So. 102, 103 (1911).
In Jones v. Pettus, 252 Ala. 12, 39 So.2d 12 (1949), the Aabama Supreme Court stated:
“The statute of frauds creates a rule of evidence in respect to the proof of exec-utory contracts for the sale of land and the following test has been laid down by this court in respect to the proof of such contracts.
“In the case of Alba v. Strong, 94 Aa. 163, [165,] 10 So. 242, [242-43 (1891),] it was observed by this court, speaking through Chief Justice Stone, that:
“ ‘The following propositions must be regarded as settled by the former decisions of this court beyond controversy: First. That to authorize the specific enforcement of an agreement to sell land all the terms of the agreement must have been agreed on, leaving nothing for negotiation. Second. *870 That all the terms of the agreement, viz., the names of the parties, the subject-matter of the contract, the consideration and the promise, must be in writing, signed by the party sought to be charged, or by his agent thereunto authorized in writing. Code 1886, § 1732. Third. That it is not essential that the paper evidence of the agreement be in any particular form, provided it contain the substance, as stated above. Fourth. That the mitten evidence of the terms of the agreement need not all be expressed in one paper. If expressed in two or more papers it will be sufficient, if collectively they contain enough, and refer to each other, and shoiu the connection tvith sufficient clearness, without the aid of oral testimony. If, however, oral testimony is required to connect the papers, or to supply any essential term of the contract, then there is a failure to make a case for specific performance.’ ”
252 Ala. at 14, 39 So.2d at 13 (emphasis added). See generally W.W. Allen, Annot., Sufficiency of Description or Designation of Land in Contract or Memorandum of Sale, Under Statute of Frauds, 23 A.L.R.2d 6, 12-13 (1952) (stating that “[t]he test is, does the writing furnish the means of identification, or, as some cases have it, does it provide the ‘key’ to the identification, the applicable principle being that that is certain which can be made certain” (footnotes omitted) (quoted, in part, in Goodwyn v. Jones, 288 Ala. 71, 76, 257 So.2d 320, 324 (1971))).
In the instant case, the description of the property in the real-estate sales contract was uncertain and incomplete because WSFE, which owns two parcels of realty adjoining Burney Road, does not own any property at “55 Burney Road,” the address designated in the contract. Moreover, page 905 of plat book 210, which the contract references, relates to different property belonging to a different owner. The Lynns argue that the uncertain and incomplete description in the contract can be made certain and complete by considering the survey that was provided to the Lynns.
The survey, however, was neither attached to the contract nor referenced in the contract. See Butler Cotton Oil Co. v. Millican, 216 Ala. 472, 473, 113 So. 529, 530 (1927) (holding that insufficiency of description in auctioneer’s memorandum could not be aided by a map or plat not connected by any reference thereto in the memorandum and stating that the Statute of Frauds “ ‘requires the substantive parts of the contract to appear in the writing. To admit parol evidence of any of the terms of the contract with respect to which the memorandum is silent, would open the door to the very mischief the statute was intended to suppress’ ” (quoting Johnson v. Buck, 35 N.J.L. 338, 343 (1872))); Knox v. King, 36 Ala. 367, 369 (1860) (stating that “when the memorandum in writing is itself incomplete, it cannot derive aid from another writing, unless the memorandum refer to the other writing. Oral evidence cannot be received to connect the two, or to supply the wanting link; for this would let in all the mischiefs which the statute of frauds and perjuries was intended to prevent.”).
Any connection between the property designated in the real-estate sales contract and the property shown on the survey “is wholly dependent upon oral proof, and it is well established that parol proof is not admissible to render valid undertakings which are void by reason of the statute of frauds.” Ezzell v. S.G. Holland Stave Co., 210 Ala. 694, 697, 99 So. 78, 80 (1924). “ ‘If it is necessary to resort to oral evidence of the intention of the parties as to the lands bargained for, the writing *871 is not sufficient, and the statute is not complied with.’ ” Id. (quoting Shannon v. Wisdom, 171 Ala. at 413, 55 So. at 103).
The Lynns cite Wray v. Harris, 350 So.2d 409 (Ala.1977), Goodwyn v. Jones, 288 Ala. 71, 257 So.2d 320 (1971), Dobson v. Deason, 248 Ala. 496, 28 So.2d 418 (1946), and Minge v. Green, 176 Ala. 343, 58 So. 381 (1912), for the proposition that an inadequate written description of realty can be made adequate by parol evidence of “facts and circumstances” that render the description clear and certain. Wray and Goodwyn are distinguishable because they are based on the part-performance exception to the Statute of Frauds.
“ ‘The doctrine of part performance operates on the theory of estoppel, particularly estoppel by conduct, to assert the Statute [of Frauds].’ 10 Richard A. Lord, Williston on Contracts § 28:2 at 266 [ (4th ed.1999) ]. (emphasis added). In a part-performance case, the seller’s conduct — -accepting some or all of the purchase price for the land and putting the buyer in possession — estops him from denying the validity of the oral contract. Essentially, the part-performance exception applies ‘ “ ‘ “only where the acts of part performance cannot be explained consistently with any other contract than the one alleged.” ’ ” ’ Rentz v. Grant, 934 So.2d [368] at 374 [ (Ala.2006) ] (quoting Holman v. Childersburg Bancorporation, Inc., 852 So.2d [691] at 698 [ (Ala.2002) ], quoting, in turn, Quinlivan v. Quinlivan, 269 Ala. 642, 645, 114 So.2d 838, 840 (1959)) (emphasis added in Holman).”
Fausak’s Tire Ctr., Inc. v. Blanchard, 959 So.2d 1132, 1143 (Ala.Civ.App.2006) (footnote omitted). See Dozier v. Troy Drive-In-Theatres, Inc., 265 Ala. 93, 100, 89 So.2d 537, 543 (1956) (stating that when a portion of the purchase price has been paid and “ ‘the purchaser or lessee [has been] put in possession, or [has taken] possession with the acquiescence of the vendor or lessor, of a definite tract of land, ... any uncertainty or indefiniteness in the description thereof is removed’ ”) (quoting 37 C.J.S., Statute of Frauds § 190). See also Hamilton v. Stone, 202 Ala. 468, 80 So. 852 (1919); Meyer Bros. v. Mitchell, 75 Ala. 475 (1883). This case involves no part performance of the contract.
In Dobson, the realty was described as “ ‘property, known as Millport Motor Company, at Millport, Alabama.’ ” 248 Ala. at 497, 28 So.2d at 418. Although the court did not explain what “parol evidence of concurrent facts and circumstances,” 248 Ala. at 498, 28 So.2d at 419, was admitted to make the general description specific, presumably the evidence had to do with the uniqueness of the business designation, a circumstance that is not present in the instant case.
In Minge, the property was described as a “ ‘400-acre farm about two miles from Batelle (a station) on the [Alabama Great Southern Railroad].’ ” 176 Ala. at 346, 58 So. at 383. The facts and circumstances that made the description specific in Minge were that Green, the seller, owned only one farm, which was, in fact, about two miles from the designated railroad station. The evidence in the present case indicated that WSFE owned two parcels adjoining Burney Road. Minge is, therefore, distinguishable and does not help the Lynns.
WSFE made a prima facie showing there was no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The Lynns failed to rebut that prima facie showing by substantial evidence. Because the description of the land in the real-estate sales contract was insufficient, the contract was void un *872 der the Statute of Frauds and the circuit court correctly entered a judgment in favor of WSFE. The judgment of the Chambers Circuit Court is, therefore, affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, without writing.