THOMPSON, Presiding Judge.
Min Quin Shao, as executrix of the estate of Lincoln N. Jenkins, appeals from the judgment of the Washington Circuit Court ordering Shao to convey to Floyd Corley (“Floyd”) and Susan Corley (“Susan”) a certain parcel of real property located in Malcolm. For the reasons stated herein, we reverse.
In the late 1990s or early 2000s, Floyd purchased a parcel of real property in Malcolm (“Lot 15”) from Jenkins. A year or two later, he bought an adjacent lot (“Lot 14”) from Jenkins. In 2005, the Corleys moved onto those parcels and began residing there.
According to his trial testimony, Floyd contracted to purchase from Jenkins a third parcel of property (“the third parcel”) [1] located adjacent to and behind Lot 14 and Lot 15. In a document dated February 25, 2005, related to the sale of the third parcel and signed by Jenkins, Jenkins wrote: “Lincoln A. Jenkins received from [illegible] Corley $750 as a deposit on land. Balance of $1,450 to be paid when deed delivered. Also we will 50/50 the survey cost.” Floyd testified that, pursuant to the above agreement, he paid Jenkins $750. He stated that Jenkins told him he would have the third parcel surveyed and would call him when he had the deed ready. Floyd testified that, at the time Jenkins signed the document, a survey had not been prepared for the third parcel and that there were no markers on the ground at that time indicating the boundary lines of the parcel. Floyd stated that he could not identify the third parcel before Jenkins had it surveyed.
Floyd testified that Jenkins later delivered to him a copy of a survey of the third parcel, on which, the Corleys assert, that parcel was designated as “Parcel 88,” that Jenkins had had prepared and that, after delivering the survey, Jenkins later called Floyd and told him that the deed to the third parcel was ready. Jenkins died, however, before Floyd could obtain the deed from him.
The Corleys filed a claim against Jenkins’s estate in the Washington Probate Court, and, in October 2009, removed the administration of the estate to the Wash *16 ington Circuit Court. In the circuit court, the Corleys filed a complaint in which they sought a judgment requiring that Jenkins’s estate specifically perform the contract for the conveyance of the third parcel, or, should the court deny specific performance, awarding compensatory damages of $750 for breach of contract. Shao, as the executrix of the estate, filed an answer in which she, among other things, raised the Statute of Frauds as an affirmative defense.
The circuit court held a bench trial of the action on May 9, 2011, at which only Floyd testified. On July 8, 2011, the circuit court entered a final judgment in which it ordered Shao to execute a conveyance of Parcel 88 to Floyd and Susan upon their payment of $1,450 to Jenkins’s estate. Rejecting Shao’s contention that the Statute of Frauds barred specific enforcement of the agreement to convey Parcel 88, the circuit court wrote:
“The general rule is that a contract for sale of land, to satisfy the statute of frauds, must describe the land with such certainty that it can be identified without resort to oral evidence. See Shannon v. Wisdom, 171 Ala. 409, 55 So. 102 (1911). However, a general description may be made specific and certain by parol [evidence] and concurrent facts and circumstances sufficient to that end. Goodwyn v. Jones, 288 Ala. 71, 257 So.2d 320 (1971).
“While the contract does not contain a technical description of the lands contracted for, it does contain facts sufficient to identify them. The parties agreed in the writing to have a survey of the lands conducted and Lincoln A. Jenkins provided a copy of the plat of survey to [Floyd] prior to Jenkins’s death. The contract furnished the means of identification (the survey), the applicable principle being that that is certain which can be made certain. See Goodwyn v. Jones, supra, citing 23 A.L.R.2d, Statute of Frauds, Section 2.”
Shao filed a motion to alter, amend, or vacate the judgment, which the circuit court denied. Shao filed an appeal, which our supreme court transferred to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Shao contends that the circuit court erred in ordering her to convey Parcel 88 to the Corleys because the written contract on which they relied did not satisfy the Statute of Frauds due to the insufficiency of the description of the land being sold. The facts related to this issue are undisputed; thus, this appeal presents a pure question of law, which this court reviews de novo. See Simcala, Inc. v. American Coal Trade, Inc., 821 So.2d 197, 200 (Ala.2001).
Section 8-9-2(5), Ala.Code 1975, the Statute of Frauds, provides, in pertinent part:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
[[Image here]]
“(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller.... ”
In Goodwyn v. Jones, 288 Ala. 71, 257 So.2d 320 (1971), our supreme court stated that, generally, “a contract for sale of land, to satisfy the statute of frauds, must describe the land with such certainty that it *17 can be identified without resort to oral evidence.” 288 Ala. at 75, 257 So.2d at 323. Stating that this general rule “is not unqualified and inflexible,” however, the court continued:
“The principle is discussed in 23 A.L.R.2d, Statute of Frauds, § 2, where the test for sufficiency is said to be:
“ ‘... does the writing furnish the means of identification, or, as some cases have it, does it provide the “key” to the identification, the applicable principle being that that is certain which can be made certain....
[[Image here]]
“ ‘... The initial question, it seems, is not whether the words are clearly and indisputably sufficient, but rather whether they are such as will entitle the claimant to go forward with his proofs and show if he can that in the light of proper evidence the subject of sale is sufficiently designated.’ ”
288 Ala. at 76, 257 So.2d at 323. Thus, in Goodwyn, the supreme court held that a description of land contained in a sales contract sufficiently complied with the Statute of Frauds, despite a lack of specificity in the description. The court wrote:
“In the instant case, each complainant was occupying a certain area of land within the 34 acres. The lines of the occupancy were impressed by cleared land and improvements. Respondent elected by adoption of an instrument prepared by L & N to offer each complainant the opportunity to purchase this occupied area upon payment of a sum set forth in the offer. Each complainant was in possession of only one occupied area within the Sk acres. Respondent designated the area to be purchased, namely the occupied area. We think it was permissible to identify the occupied area by competent evidence, and that the respondent, having elected to designate the area by a general term, cannot now complain against evidence to establish by metes and bounds, or other description, the occupied area.”
288 Ala. at 77, 257 So.2d at 325 (emphasis added).
In Mullinax v. Galen-Marshall, Inc., 642 So.2d 431 (Ala.1994), the trial court concluded that the description of real property contained in a contract for the sale of land was insufficient to comply with the Statute of Frauds. Entering a summary judgment in favor of the sellers in the purchasers’ action for specific performance of the sales contract, the trial court wrote:
“ ‘It is undisputed from the documents file, and the testimony presented, that the alleged contract or contracts do not contain any legal description. The only reference in either written document is “see legal description.” There is revealed in the depositions, the fact that the parties had not been able to settle on a legal description.’ ”
642 So.2d at 432. On appeal, our supreme court wrote:
“The trial judgment correctly observed that the Statute of Frauds does not invalidate a contract merely because it contains ' “a general uncertain description[, where that description] can be made specific and certain by parol evidence of concurrent facts and circumstances sufficient to that end.’” Goodwyn v. Jones, 288 Ala. 71, 75, 257 So.2d 320, 324 (1971) (emphasis added) (quoting Dobson v. Deason, 248 Ala. 496, 498, 28 So.2d 418, 419 (1946)). However, the instrument must at least ‘“furnish the means of identification, or, as some cases have it, ... provide the ‘key’ to the identification, the applicable principle being that that is certain which can be made certain.” ’ Goodwyn, 288 Ala. at 76, 257 So.2d at 324 (emphasis *18 added) (quoting Annotation, Statute Frauds-Description of Land, 23 A.L.R.2d 6, 12-13 (1952)).
[[Image here]]
“The instruments involved in this case ... are not so directly linked to clearly established facts and circumstances that the description of the property can be ‘made certain.’ ...
[[Image here]]
“It is undisputed that the instruments involved in this case do not describe the property to which they refer. More significantly, the ‘legal description’ referenced in the instruments could refer to either of two parcels of significantly different dimensions.”
642 So.2d at 432-34. Thus, the supreme court affirmed the trial court’s summary judgment refusing to specifically enforce the sales contract on which the purchasers relied.
In the recent case of Nix v. Wick, 66 So.3d 209 (Ala.2010), our supreme court distinguished its holding in Goodwyn and concluded that the contract for the sale of land at issue in that case violated the Statute of Frauds because it insufficiently identified the land that was the subject of the contract. In Nix, the parties signed an agreement whereby the plaintiffs purchased a house and four and a half acres of land and a contract containing an option to purchase adjoining property described as “at least five acres.” The option contract contained a requirement that the sellers would have the adjoining property surveyed. Shortly thereafter, the parties signed a sales contract that provided:
“ ‘The [purchasers] hereby agree to purchase and the [sellers] hereby agree to sell the following described lot or other unimproved land and appurtenances thereto ... situated in the City of Gardendale, County of Jefferson, Aabama on the terms stated below: Address: adjacent to 296 West Shugart Ridge and legally described as Lot_, Block_Survey_Map Book_Page_
“‘1A. THE PURCHASE PRICE shall be $32,500 per acre (at least five acres)....’”
66 So.3d at 211. That contract referenced, but failed to attach a copy of, the option contract into which the parties had previously entered.
After the sellers did not convey the property to the purchasers, the purchasers filed an action for specific performance. The defendants in that action (the sellers and another individual who had an ownership interest in the property in dispute) raised the Statute of Frauds as a defense on the basis that the contract for the sale of the property in dispute did not adequately describe the property. The trial court agreed and entered a summary judgment in favor of the defendants.
On appeal, the purchasers contended, among other things, that the fact that a survey was called for in the option contract satisfied the Statute of Frauds, despite the lack of a specific description of the property in the sales contract. Rejecting that contention, our supreme court, after examining the holdings in Goodwyn and Mullinax, wrote:
“In this case, the [purchasers] contend, based on the language in the [option contract], that the survey contemplated by the [option contract] ‘is the key’ that satisfies the exception stated in Goodwyn and Mullinax. Specifically, they argue that the [defendants] ‘admitted at their depositions that a surveyor could go out and fulfill the contractual requirements of surveying and rezoning *19 the acreage to the left of the house, including the 40 feet of road frontage, and sell the land to’ the [the purchasers] .... The [defendants], however, correctly note that the survey relied on by the [purchasers] does not yet exist and did not exist at the time the [sales] contract was executed. The exception stated in Goodwyn and Mullinax allows a general description to be made certain by ‘concurrent facts and circumstances.’ Goodwyn, 288 Ala. at 75, 257 So.2d at 323 (emphasis added). The general description of the property referenced must be capable of being made certain at the time the parties contracted. Reference to a description not yet in existence cannot bring the [sales] contract within the exception.
“Additionally, as in Mullinax, the language of the [sales] contract does not sufficiently identify the land to be sold; indeed, the [sales] contract does not describe the land to be sold. The only identification of the land in the contract could refer to any number of ‘at least’ five-acre configurations of the land adjacent to the property located at 296 West Shugart Ridge. Furthermore, from the deposition testimony of [two of the parties], it is apparent that the land discussed by the [sellers] and the [purchasers] was described in terms of potential boundary lines; the parties had not settled on any ‘area that was well demarcated and recognized.’ Mullinax, 642 So.2d at 433-34. Therefore, unlike the instrument in Goodwyn, the [sales] contract is ‘not so directly linked to clearly established facts and circumstances that the description of the property can be “made certain.”’ Mullinax, 642 So.2d at 433. Accordingly, the [sales] contract does not ‘furnish the means of identification,’ Goodwyn, 288 Ala. at 75, 257 So.2d at 323, of the land to be sold, and the [purchasers] have not shown that the [sales] contract falls within this exception to the Statute of Frauds.”
Nix, 66 So.3d at 214-15. Thus, our supreme court affirmed the trial court’s summary judgment in favor of the defendants.
In the present case, the document relating to the sale of the third parcel to the Corleys describes the parcel only as “land”; nothing in the document describes the location or dimensions of the parcel in any way. The “key” to the description of the land on which the circuit court relied in finding that the document complied with the Statute of Frauds was the reference in the document to a survey, the cost of which the parties would share. However, the survey had not yet been prepared at the time the document was executed. Thus, as our supreme court concluded in Nix, the survey in the present case cannot constitute evidence of “concurrent facts and circumstances” that could make certain the general description of the property that was to be sold to the Corleys. As the Nix court stated, for the Goodwyn exception to apply, “[t]he general description of the property referenced must be capable of being made certain at the time the parties contracted.” Nix, 66 So.3d at 215 (emphasis added).
Based on the foregoing, we conclude that the contract for the sale of the third parcel was unenforceable by virtue of the Statute of Frauds and, as a result, that the circuit court erred when it ordered specific performance of that contract. The circuit court’s judgment is therefore reversed, and the cause is remanded for further proceedings, including consideration of the alternative demand for relief the Corleys *20 asserted in their complaint.[2]
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. The Corleys refer to the third parcel as "Parcel 88” because, they assert, that parcel was denominated as such on a survey that was prepared after Floyd had agreed to purchase the parcel from Jenkins.

. We note that, in the circuit court, the Cor-leys argued for the application of the part-performance exception to the Statute of Frauds. Under that exception, the Statute of Frauds does not apply to the sale of real property when "the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller.” § 8-9-2(5), Ala.Code 1975. Although there was evidence indicating that the Corleys had paid a portion of the purchase price to Jenkins, there was no evidence elicited at trial that the Corleys had been put in possession of the third parcel. Because the Corleys bore the burden of proof on that issue, see Simmons v. Simmons, [Ms. 2100017, Dec. 16, 2011] - So.3d -, - (Ala.Civ.App.2011), the circuit court's judgment cannot be affirmed on that basis.